UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Tammy Hatmaker, et al.,**

   *Plaintiffs,*

v.               Case No. 3:17-cv-146
                  Judge Thomas M. Rose

**PJ Ohio, LLC, et al.,**

   *Defendants.*

---

**ENTRY AND ORDER DENYING MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM. ECF 94.**

---

  Pending before the Court is Defendants Motion to Dismiss Complaint for Failure to State a Claim. (ECF 94). The Motion will be denied.

**I. Background**

  This is a wage and hour case brought on behalf of pizza delivery drivers who work for Papa John's franchisees. Defendants own and operate 73 Papa John's locations in Ohio, Nevada, and North Carolina. See Third Amended Complaint, ECF 84, ¶ 60, citing Defendants' website, http://bldbrands.com/?page_id=58. Plaintiffs claim Defendants pay their drivers at–or close to–minimum wage. The drivers use their own cars to complete deliveries. Plaintiffs allege the cars cost money to purchase, maintain, and operate. Plaintiffs allege that because Defendants have not paid the drivers their actual expenses or the IRS standard business mileage rate, Defendants have failed to pay the drivers at least minimum wage. See, e.g., 29 C.F.R. §

1

531.35; see also DOL Handbook § 30c15(a). Plaintiffs allege that Defendants violate the Fair Labor Standards Act and state wage and hour laws by under-reimbursing the delivery drivers. Defendants have moved to dismiss, asserting that Plaintiffs fail to state a claim against them. ECF 94.

**II.     Standard**

To survive a 12(b)(6) motion to dismiss, Plaintiffs only have to allege facts that "state a claim to relief that is plausible on its face," and that, if accepted as true, are sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

Under modern federal pleading standards, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It need not set down in detail all the particularities of a plaintiff's claim against a defendant, but must give the defendant fair notice of what the claim is, and the grounds upon which it rests. *Geary v. Green Tree Servicing, LLC*, No. 2:14-cv-522, 2015 WL 1286347, *3 (S.D. Ohio Mar. 20, 2015).

**III.    Motion to Dismiss**

**A.      Primary Employer**

Defendants' first argument is that Plaintiffs' failure to identify a single employer who is the "primary employer" is fatal to the complaint. The FLSA, however, does not impose such a pleading requirement. The FLSA places minimum wage and overtime obligations on "employers." See 29 U.S.C. § 206 ("Every employer shall pay to each of his employees…") and see 29 U.S.C. § 207 ("…no employer shall employ any of his employees * * * for a workweek longer than forty hours unless such employee receives compensation…"). The FLSA defines "employer" to "include[] any person acting directly or indirectly in the interest of an employer in relation to an employee…" 29 U.S.C. § 203(d). "[M]ore than one 'employer' can be simultaneously responsible for FLSA obligations." *Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994). There is no "primary employer" or "direct employer" designation in the FLSA's definitions section.

Under the FLSA, a person is either an employer or they are not. 29 U.S.C. § 203(d). The cases upon which Defendants rely are not to the contrary. *Cavallaro v. 5 UMass Mem. Healthcare, Inc.*, 678 F.3d 1 (1st Cir. 2012) found that the employees did not name a "direct employer" and that, therefore, the complaint could be dismissed as the employees did not name anyone who could be an employer. 678 F.3d at 9; see also *Melendez-Fernandez v. Special Care Pharmacy Servs., Inc.*, No. 11-cv-1662, 2012 WL 4813528, at *4 (D.P.R. Oct. 10, 2012) ("It is clear from the foregoing that the First Circuit and the district court in *Cavallaro* required only that the complaint contain well-pleaded allegations that, taken as true, established an employment relationship between plaintiffs and defendants.").

*Nakahata v. N.Y. Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192 (2nd Cir. 2013) has the same holding as *Cavallaro*. 723 F.3d at 201. The duty to plead a "direct employer" is

3

inapplicable when a "single employer" or "single integrated enterprise" is alleged. *Thielman v. MF Global Hldgs. Ltd.*, No. 13-cv-07218, 2014 WL 4054281, at *6 (S.D.N.Y. Aug. 14, 2014). In *Thielman*, the district court reviewing a bankruptcy court applying the same requirement in a WARN case held that the bankruptcy court's finding is "not grounded in the law" because "[n]either the standard as set forth in DOL regulations nor any case applying the single employer doctrine, whether under WARN or another statute, requires a plaintiff to plead a nominal or immediate employer as a prerequisite to pleading that the defendants constitute a single employer." Id.

Moreover, in *Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc.*, "the plaintiffs … did not rely in their pleadings on the single employer doctrine." Id., 2014 WL 4054281 at *6 n.2. Here, Plaintiffs expressly allege that "Defendants form a single employer or a single integrated enterprise." ECF 84, at 6, ¶¶ 42-43. Plaintiffs also allege that Defendants are joint employers and each, in their own right, "employers," under the FLSA. So long as Plaintiffs have sufficiently alleged a person or entity is an employer, Plaintiffs have pled a viable complaint.

**B.      Elements of the Integrated Enterprise and Joint Employer Theories**

Defendants next assert that Plaintiffs plead nothing more than a formulaic recitation of the elements of the integrated enterprise and joint employer theories. A joint employment relationship is generally found:

> (1) Where there is an arrangement between employers to share the employee's services, as for example, to interchange employees; or
>
> (2) Where one employer is acting directly or indirectly in the interest of the other employer (or employers) in relation to the employee; or
>
> (3) Where the employers are not completely disassociated with

4

> respect to the employment of a particular employee and may be deemed to share control of the employee, directly or indirectly, by reason of the fact that one employer controls, is controlled by, or is under common control with the other employer.

29 C.F.R. 791.2(b). Id. Under the FLSA, "Enterprise" means "the related activities performed (either through unified operation or common control) by any person or persons for a common business purpose…" 29 U.S.C. § 203(r)(1).

Plaintiffs allege that Defendants together own and operate a chain of Papa John's restaurants. ECF 84, ¶¶ 2, 156. Plaintiffs also allege that Defendants operate the Papa John's restaurant chain from the same shared office and headquarters. Id. at ¶¶ 43, 51, 59, 69, 82, 90, 97. Plaintiffs next allege that Defendant BLD Brands, LLC "owns and operates" Defendant Serazen, LLC, id. at ¶ 72, and that Defendants share control of Plaintiffs' employment. Id. at ¶¶ 48, 49, 55, 65, 78, 85, 93, 100. Plaintiffs plead that two individuals substantially control all of the Defendant entities: Doug Pak, id. at ¶¶ 103–105, 106–121, 125, 127–132, 134–138, 140; and Darcie Mangus. See id. at ¶¶ 144–150, 152–153, 155. Plaintiffs allege that Defendants maintained the same policies and practices challenged in this case. Id. at ¶¶ 15, 244, 247.

These allegations are sufficient to support claims of "single employer" and "joint employer" liability. *Creech v. P.J. Wichita, LLC*., No. 16-2312-JAR-GEB, 2016 WL 4702376, at *3–4 (D. Kan. Sept. 8, 2016) (involving multiple business entities operating a different chain of Papa John's restaurants).

**C. Claim Against the Individual Defendants**

Next, Defendants assert Plaintiffs fail to plead individual liability. The Sixth Circuit has recognized that "a corporate officer who has operational control of the corporation's covered enterprise is an 'employer under the FLSA, along with the corporation itself.'" *United States*

5

*Dep't. of Labor v. Cole Enters., Inc.*, the 62 F.3d 775, 778 (6th Cir. 1995). "One who is the chief executive officer of a corporation, has a significant ownership interest in it, controls significant functions of the business, and determines salaries and makes hiring decisions has operational control and qualifies as an 'employer' for purposes of the FLSA." Id.

Plaintiff has sufficiently pleaded facts showing that Defendant Doug Pak qualifies as an "employer" under the Sixth Circuit's test. Plaintiffs' allegations include allegations that: Pak is the "owner" and "operator" of all of the Defendant entities, ECF 84, ¶¶ 103, 104, 106, 107, 110, 112, 113, 115, 116, 119, 121, 128-138; that Pak "operates" all of the Defendant entities, Id., ¶¶ 103, 125; that Pak is the chief executive officer of all of the Defendant entities, Id., ¶ 105, 108, 109, 111, 114, 117, 120, 127, 128, 128- 138; that Pak is the "chairman" of Defendant BLD Brands, LLC. Id., ¶ 127; that Pak is "the managing member of PJ Las Vegas, LLC." Id., ¶ 118; that, as "owner and CEO" of the Defendant entities, Pak holds "financial control over the operations at each of the named corporate defendants," Id., ¶ 128, controls "significant aspect[s] of the Papa John's restaurants' day to day operations," Id., ¶ 129; "controls Defendants' pay policies," Id., ¶ 130, controls "personnel and payroll decisions at the Papa John's Pizza restaurants, including but not limited to influence of delivery driver pay," Id., ¶ 131; "hires, fires and disciplines employees, including Plaintiffs and other delivery drivers," Id., ¶ 132, "transfers the assets and liabilities of each of the named corporate defendants," Id., ¶ 134, "declared bankruptcy on behalf of each of the named corporate defendants," Id., ¶ 135; "entered into contracts on behalf of each of the named corporate defendants," Id., ¶ 136; "closed, shut down, and/or s[old] each of the named corporate defendants," Id., ¶ 137, controlled "the overall direction of each of the named corporate defendants and was ultimately responsible for their

operations." Id., ¶ 138, and "influences … how the Papa John's Pizza restaurants can run more profitably and efficiently." Id., ¶ 140.

Plaintiff has also sufficiently pleaded facts showing that Defendant Darcie Mangus qualifies as an "employer" under the Sixth Circuit's test because she is "a corporate officer who has operational control of the corporation's covered enterprise [and] is an 'employer under the FLSA, along with the corporation itself.'" *Cole Enters.*, 62 F.3d at 778. Plaintiff alleges that: Mangus is the chief operating officer of Defendant Serazen, LLC, ECF 84, at ¶¶ 141, 147-154; that "… Mangus operates and controls the Defendant corporations from their headquarters at 20377 SW Acacia Street, 2nd Floor, Newport Beach, CA 92660," Id., ¶ 144; that "Mangus is responsible for overseeing operations, strategic business planning, driving sales growth and profitability at Serazen," Id., ¶ 145; that "Mangus directly oversees the operations of the Papa John's Pizza restaurants," Id., ¶ 146; that "…Mangus has had financial control over the operations at each of the named corporate defendants," Id., ¶ 147; that "… Mangus has a role in significant aspects of the Papa John's Pizza restaurants' day to day operations." Id., ¶ 148; "…Mangus has had control over Defendants' pay policies." Id., ¶ 149; "…Mangus has had power over personnel and payroll decisions at the Papa John's Pizza restaurants, including influence of delivery driver pay," Id., ¶ 150; that "…Mangus has had the power to transfer the assets and liabilities of each of the named corporate defendants," Id., ¶ 152; that "… Mangus has had the power to enter into contracts on behalf of each of the named corporate defendants," Id., ¶ 153; that "… Mangus had authority over the overall direction of each of the named corporate entities," Id., ¶ 154; and that "… Mangus has had influence over how the Papa John's Pizza restaurants could run more profitably and efficiently." Id., ¶ 155.

The Amended Complaint alleges the individual defendants had sufficient operational control to violate wage and hour laws. See, ECF 84. "[A]llegations against the Defendants collectively apply equally to [individually named defendants]." *Roman v. Guapos III, Inc*., 970 F. Supp. 2d 407, 417 (D. Md. 2013). Even where "Plaintiffs do not make any specific allegations with respect to actions undertaken by [individual defendants] in their individual capacities," allegations against Defendants collectively, "state a plausible claim for relief that [individual defendants] are individually liable as 'employers' for violating the overtime and minimum wage provisions of the 14 FLSA…". Id. Here, Plaintiffs pleaded both individual and collective allegations, either of which is sufficient to meet Plaintiffs' pleading burden.

In the Sixth Circuit, being the "top man" at a corporation that functions for an individual's profit is sufficient to impose FLSA liability. *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 966 (6th Cir. 1991). This is true even when an individual employer alleges that other, lower members of management made day-to-day operational decisions. Id. (affirming summary judgment in favor of the employee). Plaintiffs have alleged sufficient facts to meet the Sixth Circuit's test.

**D.     Stating a Claim Under Ohio Revised Code §2307.60**

Defendants seek to dismiss Count IV of the Amended Complaint, asserting that a criminal conviction is required before liability attaches under Ohio Revised Code § 2307.60. The statute's language and recent cases do not support Defendants' interpretation. The Ohio Supreme Court examined Ohio Revised Code § 2307.60 within the context of a case where the plaintiff alleged criminal acts, but not convictions. *Jacobsen v. Kaforey*, 2016-Ohio8434 (2016). "Revised Code § 2307.60(A)(1), by its plain and unambiguous terms, creates a statutory cause of

8

action for damages resulting from any criminal act." Id. at ¶ 10. The Court did not condition liability under Ohio Revised Code § 2307.60 on a conviction; but on an act. "Defendant argues that Plaintiff cannot seek civil recovery for an alleged uncharged criminal act. However, the plain language of Ohio Revised Code § 2307.60 ('Civil action for damages for criminal act') provides otherwise." *Kimber Baldwin Designs, LLC v. Silv Commc'ns, Inc*., 225 F. Supp. 3d 670, 679 (S.D. Ohio 2016) (Black, J.). Ohio Revised Code § 2307.60's language controls–only a criminal act must be alleged, not a conviction.

**E.     Stating a Claim Under the North Carolina Wage and Hour Act**

Finally, Defendants assert that Counts VI and VII of the Amended Complaint fail to state a claim under North Carolina law. Plaintiffs assert Count VI under North Carolina General Statute § 95- 25.6 and Count VII under North Carolina General Statute § 95-25.8. ECF 84, ¶¶ 338-343 . Count VI seeks to recover for allegedly late job-expense reimbursement and *de facto* deductions, with damages, and Count VII seeks to recover allegedly unlawful deductions from wages, along with associated damages. Id. Defendants rely on the exemption set forth in North Carolina General Statute § 95-25.14(a)(1)(b).

But, by its express terms, that exemption only bars claims brought pursuant to N.C. Gen. Stat. §§ 95- 25.3, 95-25.4, 95-25.5 and 95-25.15(b), not §§ 95-25.6 or 95-25.87. Specifically, the exemption cited by Defendants provides:

> The provisions of G.S. 95-25.3 (Minimum Wage), G.S. 95-25.4 (Overtime), and G.S. 95-25.5 (Youth Employment), and the provisions of G.S. 95-25.15 (Record Keeping) as they relate to these exemptions, do not apply to:
>
> (1) Any person employed in an enterprise engaged in commerce or in the production of goods for commerce as defined in the Fair Labor Standards Act: * * *

9

> (b) Notwithstanding the above, any employee other than a learner, apprentice, student, or handicapped worker as defined in the Fair Labor Standards Act who is not otherwise exempt under the other provisions of this section, and for whom the applicable minimum wage under the Fair Labor Standards Act is less than the minimum wage provided in G.S. 95-25.3, is not exempt from the provisions of G.S. 95-25.3 or G.S. 95-25.4…

N.C. Gen. Stat. § 95-25.14(a)(1)(b).

Plaintiffs have not asserted a claim pursuant to North Carolina General Statute §§ 95-25.3, 95-25.4, 95-25.5 or 95-25.15(b). Thus, this exemption fails to apply. See, *Luna-Reyes v. RFI Constr., LLC*, 109 F. Supp. 3d 744, 752-53 (M.D.N.C. Jun. 1, 2015) (recognizing that N.C. Gen. Stat. § 95-25.14(a)(1)(b) does not prohibit claims under N.C. Gen. Stat. § 95-25.6). *Chandler v. Cheesecake Factory Rests., Inc.*, 2008 U.C. App. LEXIS 516, *9-10 (N.C. Ct. App. Mar. 18, 2008), is inapposite. *Chandler* disallowed a claim under N.C. Gen. Stat. § 95-25.6 because it required a review of North Carolina's Minimum wage statute (N.C. Gen. Stat. § 95-25.3(f)), one of the specifically enumerated statutes subject to the exemption set forth in N.C. Gen. Stat. 95-25.14(a). 2008 U.C. App. LEXIS 516, *9-10 (N.C. Ct. App. Mar. 18, 2008). Plaintiffs' North Carolina claims do not require consideration of § 95-25.3, or any of the other state statutes unavailable pursuant to N.C. Gen. Stat. § 95-25.14(a)(1)(b). Both Count VI and VII depend on determining whether deductions are unlawful under N.C. Gen. Stat. § 95-25.8, not on determining whether minimum wage was paid under § 95-25.3, whether overtime was paid under § 95-25.4, whether unlawful youth employment occurred under § 95-25.5, or whether recordkeeping violations occurred under § 95-25.15.

Moreover, for purposes of North Carolina General Statute § 95-25.6, North Carolina law

defines a recoverable "wages" to include "sick pay, vacation pay, severance pay, commissions, bonuses, and other amounts promised when the employer has a policy or a practice of making such payments." N.C. Gen. Stat. § 95-2(16). Plaintiffs have alleged that Defendants maintain a "reimbursement policy." See, e.g., ECF 84, ¶¶ 244, 252(g), 281(g), 300. Plaintiffs' claim under § 95-25.6 is that on payment of "other amounts promised when the employer has a policy or a practice of making such payments." Since *Chandler*, federal courts in North Carolina have permitted claims seeking to recover *de facto* deductions resulting from unreimbursed job expenses pursuant to both N.C. Gen. Stat. §§ 95-25.6 and 95-25.8. See also, e.g., *Gaxiola v. Williams Seafood of Arapahoe, Inc.*, 776 F.Supp.2d 117, 120, 131-132 (E.D.N.C. Mar. 1, 2011); *Garcia v. Frog Island Seafood, Inc.*, 644 F.Supp.2d 696, 710, 713-14, 722 (E.D.N.C. 2009). Those North Carolina claims were permitted even though the district courts recognized that the FLSA also applied. Id.

### III. Conclusion

Because Plaintiffs have alleged an integrated enterprise and a joint employer theory, they are not required to identify a direct employer, much less a primary employer; and because Plaintiffs have alleged that the individual defendants are corporate officers who have operational control of the corporation's covered enterprise, they have pleaded an action against the individual defendants; and because Plaintiffs have stated causes of action under Ohio and North Carolina law, Defendants Motion to Dismiss Complaint for Failure to State a Claim, ECF 94, is **DENIED**. **DONE** and **ORDERED** in Dayton, Ohio, this Tuesday, March 26, 2019.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE