## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

| | |
|---|---|
| Tammy Hatmaker, Stephen Hatmaker, Kendall Peyton, Alan Huxford, Derek Green, and Bobby White, | Case No. 3:17-cv-146 |
| *On behalf of themselves and those similarly situated,* | |
| Plaintiffs, | Judge Thomas Rose |
| v. | |
| PJ Ohio, LLC; BLD Brands, LLC; Serazen LLC; PJ Pizza Ohio, LLC; PJ Las Vegas, LLC; and PJ North Carolina, LLC; Doug Pak; Darcie Mangus; | |
| Defendants. | |

## DECLARATION OF KATHLEEN McLEOD CAMINITI
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)

1.     I am an attorney licensed to practice law in the State of New Jersey, and I am admitted *pro hac* vice to practice before the Supreme Court of Ohio, the United States District Court for the Southern District of Ohio, the United States District Court for the Northern District of Ohio, the Sixth Circuit, and the United States Supreme Court.

2.     I am an attorney with the law firm of Fisher & Phillips LLP, with offices at 430 Mountain Avenue, Suite 303, Murray Hill, NJ 07974.  I am a New Jersey resident.

3.     I am *pro hac* vice counsel for Defendants PJ Ohio, LLC, BLD Brands, LLC, Serazen LLC, PJ Pizza Ohio, LLC, PJ Las Vegas, LLC, PJ North Carolina, LLC, Doug Pak and Darcie Mangus ("Defendants") in this matter.

4.     I am of sound mind and over eighteen years of age.

5.     The statements made in this declaration are based upon my own personal knowledge.

FPDOCS 35598125.1

6. This declaration is made in compliance with Federal Rule of Civil Procedure 56(d) and 28 U.S.C. § 1746.

7. I submit this declaration, pursuant to Federal Rule of Civil Procedure 56(d), in response to plaintiff's motion for partial summary judgement.

8. On May 16, 2018, Defendants served discovery on named plaintiffs and opt-ins. (See Exhibit A (attaching cover letter and representative discovery served on one plaintiff).) Among other areas, Defendants' discovery demands seek information regarding the expenses incurred by Plaintiffs in connection with delivering pizza for Defendants.

9. On March 21, 2019, the parties, through their counsel, submitted a Rule 26(f) Report of the Parties. (See Exhibit B.)

10. On April 8, 2019, the Court entered a Scheduling Order directing the parties to file cross-motions for partial summary judgment on "the question of what constitutes a proper measure of minimum wage compliance for pizza delivery drivers." And stated that "an Amended Rule 26(f) will be due 24 days after the Court rules on the cross motions for summary judgment." (ECF No.113).

11. Plaintiffs have not served responses to Defendants initial discovery demands, presumably in reliance on the Court's order directing briefing on a crucial issue of the proper measure of damages. This is consistent with Defendants' understanding of the Court's Order and procedural posture of this case that discovery will abide by the Court's decision on this crucial issue in the case.

12. The parties' cross-motions address purely legal issues, namely what is the proper measure of damages is in a pizza driver delivery reimbursement case. Following the Court's

ruling, the parties will be in a position to target their discovery toward the key legal and factual issues guided by the Court's ruling.

13.     As detailed in the Rule 26(f) Report of the Parties (Exhibit B hereto), Defendants will need to conduct the depositions of the plaintiffs, the opt-ins (or a sampling thereof) and putative class members (to the extent that plaintiffs seeks to certify as Rule 23 class). This discovery is necessary to respond to any motion for summary judgment filed by Plaintiffs.

14.     For the reasons contained herein, Defendants request that the Court deny Plaintiffs motion for partial summary judgment to the extent that it raises factual questions beyond the applicable legal standard, namely the proper measure of damages applicable to plaintiff's claims.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 18, 2019.

Kathleen McLeod Caminiti, *Pro Hac Vice*
FISHER & PHILLIPS LLP

3

# EXHIBIT A



fisherphillips.com

**New Jersey**
430 Mountain Avenue
Suite 303
Murray Hill, NJ 07974

(908) 516-1050 Tel
(908) 516-1051 Fax

**Writer's Direct Dial:**
(908) 516-1062

**Writer's E-mail:**
kcaminiti@fisherphillips.com

May 16, 2018

*VIA E-MAIL AND REGULAR MAIL*

Andrew Kimble, Esq.
Markovits, Stock & DeMarco
3825 Edwards Road
Suite 650
Cincinnati, OH 45209

     Re:   *Tammy Hatmaker v. PJ Ohio, LLC, et al.*
              *Case No. 3:17-cv-146*

Dear Mr. Kimble:

As you know, this firm represents PJ Ohio, LLC, BLD Brands, LLC, PJ Pizza Ohio, LLC, PJ Las Vegas, LLC, PJ North Carolina, LLC, Doug Pak, and Darcie Mangus ("Defendants") in the above referenced action. Enclosed please find the following:

- Defendants' First Set of Interrogatories to Plaintiff Tammy Hatmaker;

- Defendants' First Set of Interrogatories to Plaintiff Stephen Hatmaker;

- Defendants' First Set of Interrogatories to Plaintiff Derek Green;

- Defendants' First Set of Interrogatories to Plaintiff Bobby White;

- Defendants' First Set of Interrogatories to Plaintiff Kendall Peyton;

- Defendants' First Set of Interrogatories to Plaintiff Alan Huxford;

- Defendants' First Request for Production of Documents to Plaintiff Tammy Hatmaker;

- Defendants' First Request for Production of Documents to Plaintiff Stephen Hatmaker;

- Defendants' First Request for Production of Documents to Plaintiff Derek Green;

- Defendants' First Request for Production of Documents to Plaintiff Bobby White;

**Fisher & Phillips LLP**
Atlanta · Baltimore · Boston · Charlotte · Chicago · Cleveland · Columbia · Columbus · Dallas · Denver · Fort Lauderdale · Gulfport · Houston
Irvine · Kansas City · Las Vegas · Los Angeles · Louisville · Memphis · New Jersey · New Orleans · New York · Orlando · Philadelphia
Phoenix · Portland · Sacramento · San Diego · San Francisco · Seattle · Tampa · Washington, DC

Andrew Kimble, Esq.
May 16, 2018
Page 2

- Defendants' First Request for Production of Documents to Plaintiff Kendall Peyton; and

- Defendants' First Request for Production of Documents to Plaintiff Alan Huxford.

Kindly provide responses within the time prescribed by the Federal Rules of Civil Procedure.

Also enclosed is Defendants' Questionnaire to Opt-In Plaintiffs, to be completed by each opt-in plaintiff on the attached list and any other individuals who subsequently opt-in to the litigation.

Thank you for your attention to this matter.

Sincerely,

Kathleen McLeod Caminiti
For FISHER & PHILLIPS LLP

KMC:jm
Enclosures

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| Tammy Hatmaker, Stephen Hatmaker, Kendall Peyton, Alan Huxford, Derek Green, and Bobby White, | Case No. 3:17-cv-146 |
| *On behalf of themselves and those similarly situated,* | |
| Plaintiffs, | Judge Thomas Rose |
| v. | |
| PJ Ohio, LLC; BLD Brands, LLC; Serazen LLC; PJ Pizza Ohio, LLC; PJ Las Vegas, LLC; and PJ North Carolina, LLC; Doug Pak; Darcie Mangus; | |
| Defendants. | |

## DEFENDANTS' QUESTIONNAIRE TO OPT-IN PLAINTIFF

Defendants PJ Ohio, LLC, PJ Pizza Ohio, LLC, PJ Las Vegas, LLC, and PJ North Carolina, LLC (collectively referred to as "Defendants" and individually referred to as "Defendant"), serve this Discovery Questionnaire under Rules 33 and 34 of the Federal Rules of Civil Procedure.

### Introduction

This Questionnaire is being sent to you because you have joined the following lawsuit: *Tammy Hatmaker, Stephen Hatmaker, Kendall Peyton, Alan Huxford, Derek Green, and Bobby White v. PJ Ohio, LLC; BLD Brands, LLC; Serazen LLC; PJ Pizza Ohio, LLC; PJ Las Vegas, LLC; and PJ North Carolina, LLC; Doug Pak; Darcie Mangus*, Case No. 3:17-cv-146, pending in the United States District Court for the Southern District of Ohio, Western Division at Dayton. This Questionnaire (i) includes questions you must answer in connection with this lawsuit, and (ii) requires you to produced requested documents in your possession or control.

### Instructions

1.      Completely, accurately, and legibly answer all of the questions in the space provided.  If you need additional space to complete your answer, be sure to use additional sheets of paper and identify on the additional sheets of paper which question you are answering.

2.      If you do not know the answer to a question, state that you do not know the answer. Do not guess or estimate.

Employee ID _____
FPDOCS 33921363.1

3.      Attach photocopies of any documents requested in this Questionnaire.

4.      Your responses to this Questionnaire, including your production of documents, are due within thirty (30) days of your receipt of this Questionnaire.

5.      Before you return the completed Questionnaire, sign the Verification page at the end of this document.

### Questionnaire

1.    **Personal Information.** Provide the following information about yourself.

| First Name, Middle Initial, Last Name | |
|---|---|
| Address | |

2.    **Employment Information.** Provide the following information about your employment as a pizza delivery driver with Defendant(s).

| Store Address & Number | Beginning Employment Date | Ending Employment Date |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

**Note:** Attach copies of documents you maintained that show compensation paid to you by Defendant(s), including delivery reimbursement, during your employment as a delivery driver with Defendant(s).

Employee ID _____
FPDOCS 33921363.1

3.  **General Automobile Information.** State the number of automobiles you used to deliver pizzas while employed by Defendant(s) from April 27, 2014 to the present: _____.

For each automobile you used to deliver pizzas for Defendant(s) from April 27, 2014 to the present, provide the following information that you know without guessing or estimating. If you used more than one automobile to deliver pizzas while employed by Defendant(s) from April 27, 2014 to the present, copy the table below and complete a separate table for each automobile.

| | |
|---|---|
| Year/Make/Model | |
| Name of Owner(s) | |
| Date of Purchase or Date You Otherwise First Possessed the Automobile | |
| Name of Person(s) Who Paid for Automobile | |
| Purchase Price | |
| Value When You First Began Using It for Pizza Delivery | |
| Value When You Last Used It for Pizza Delivery | |
| Did you track your miles per gallon while delivering pizza? | Yes _____          No _____ |
| If you tracked your miles per gallon, state your average Miles Per Gallon During Time Used for Pizza Delivery | |
| Approximate Date First Used for Pizza Delivery | |
| Approximate Date Last Used for Pizza Delivery | |
| Odometer Reading When First Used for Pizza Delivery | |
| Odometer Reading When Last Used for Pizza Delivery | |

Employee ID _____
FPDOCS 33921363.1

| Average Number of Miles Driven for Any Reason Per Week | |
|---|---|

**Note:** Attach copies of any documents in your possession showing information about each automobile identified in your response to question 3, including the registration value; mileage logs reflecting personal and/or delivery use; receipts regarding fuel purchases, etc.

Have you ever sought an itemized tax deduction for unreimbursed business expenses related to your vehicle during your employment as a delivery driver for Defendant(s) since 2014?        Yes _____        No _____

If yes, please provide copies of your itemization of unreimbursed business expenses related to your vehicle in your federal and state income tax returns (e.g. IRS Form 1040, Schedule A) for the years 2014-present (except that you may limit your production to those year(s) you were employed by Defendant(s)).

4.    **Automobile Insurance Information.** For each automobile you used to deliver pizzas for Defendant(s) from April 27, 2014 to the present, provide the following information about insurance for the automobile. If you used more than one automobile, copy the table below and complete a separate table for each automobile.

| Year/Make/Model | |
|---|---|
| Insurer Name | |
| State Date and End Date of Policy | |
| Name of Each Person Covered by the Policy | |
| Name of Person Who Paid for Policy | |
| Monthly Premium Paid | |
| Date and Description of Claims Made Against Policy | |

**Note:** Attach proof of insurance cards or other information about each insurance policy identified in your response to question 4.

Employee ID _____
FPDOCS 33921363.1

5.    **Automobile Service or Repair Information.**  For each automobile you used to deliver pizzas for Defendant(s) from April 27, 2014 to the present identified in your response to question 3, by year/make/model, provide to the best of your ability the following information about service and repairs, including parts, supplies, labor, and fluid purchased, for the automobile.  If you used more than one automobile to deliver pizzas for Defendant(s) from April 27, 2014 to the present, copy the table below and complete a separate table for each automobile.

Year/Make/Model: _____

| Date of Service, Repair or Purchase | Specific Description of Service, Repair or Purchase | Name and Address of Service Provider | Cost and Name of Person Who Paid the Repair or Purchase Cost |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Did you incur other expenses not listed above to maintain your vehicle that you do not recall specific information for?      Yes _____      No _____

**Note:**  Attach copies of receipts, cancelled checks, or other documents showing amounts paid for service, repair, parts, supplies and fluids purchased for each automobile identified in response to question 3.

Employee ID _____
FPDOCS 33921363.1

6.    **Bankruptcy Information.**  From April 27, 2014 to the present, have you filed for bankruptcy?  Yes _____        No _____

If yes, provide the information requested below:

| Date Filed | Name of Court | Case Number | Status |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

7.    **Other Employment.**  From April 27, 2014 to the present, did you hold another job while you were delivering pizzas for Defendant(s)?  Yes _____        No _____

If yes, provide the information requested below:

| Employer | Address | Job Title and Duties | Dates of Employment | Number of Days Per Week Worked |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

8.    **School Attendance.**  From April 27, 2014 to the present, did you attend school while you were delivering pizzas for Defendant(s)?  Yes _____        No _____

If yes, provide the information requested below:

| Name of School | Address | Dates of Attendance | Number of Days Per Week Attended |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

Employee ID _____
FPDOCS 33921363.1

Dated: _May 16_, 2018

By: _____
Kathleen McLeod Caminiti
(admitted pro hac vice)
FISHER & PHILLIPS LLP
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
Telephone: (908) 516-1050
Facsimile: (908) 516-1051
kcaminiti@fisherphillips.com

J. Hagood Tighe
FISHER & PHILLIPS LLP
1320 Main Street, Suite 750
Columbia, South Carolina 29201
Telephone: (803) 255-0000
Facsimile: (803) 255-0202
htighe@fisherphillips.com

Mathew A. Parker
FISHER & PHILLIPS LLP
250 West Street, Suite 400
Columbus, Ohio 43215
Telephone: (614) 221-1425
Facsimile: (614) 221-1409
mparker@fisherphillips.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 16, 2018, a copy of the foregoing Defendants' First Set of Interrogatories was sent via electronic and regular mail to:

Andrew Kimble, Esq.
Markovits, Stock & DeMarco, LLC
3825 Edwards Road, Suite 650
Cincinnati, Ohio 45209

_____
Kathleen McLeod Caminiti

Employee ID _____
FPDOCS 33921363.1

## VERIFICATION

I, _____, affirm and attest that I have carefully prepared, read, and reviewed these answers to Defendants' Questionnaire and the documents produced in response to Defendants' Questionnaire. I further affirm and attest that these answers are complete, accurate, and truthful and that these documents are all the documents I have or could find after a diligent search.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed this _____ day of _____, 2018.


_____
(Signature)


Employee ID _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TAMMY HATMAKER, et al., on behalf of themselves and those similarly situated, | ) ) ) | Case No. 3:17-cv-146 |
| Plaintiffs, | ) ) | Judge Thomas M. Rose, U.S.D.J. |
| v. | ) ) | |
| PJ OHIO, LLC, et al., | ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' FIRST SET OF INTERROGATORIES

Defendants PJ Ohio, LLC; PJ Pizza Ohio, LLC; PJ Las Vegas, LLC; and PJ North Carolina, LLC (collectively "Defendants"), by and through their attorneys, Fisher & Phillips LLP, and pursuant to Fed. R. Civ. P. 33, hereby requests that Plaintiff Tammy Hatmaker ("Plaintiff") answer the following First Set of Interrogatories within thirty (30) days after service hereof in accordance with the following instructions and definitions.

## INSTRUCTIONS

Pursuant to the Federal and Local Rules of Civil Procedure, you are to furnish all information available to you. This includes not only your personal knowledge, but also such information as is reasonably available to you, including the knowledge of persons or representatives acting on your behalf. You are to designate which of such information is not within your personal knowledge, and as to that information you are to state the name and address of every person from whom it was received, or, if the source of the information is documentary, a full description of the document including its location.

The following interrogatories are to be considered as continuing and you are requested to provide, by way of supplementary answers thereto, such additional information as you, your agents, or any other person acting on your behalf may hereafter obtain, which will supplement or otherwise modify your answers to these requests. Such supplemental answers are to be served upon counsel for Defendants within ten (10) days after receipt of such information.

## DEFINITIONS

Each of the following definitions and instructions is incorporated into each of the Interrogatories and into each of the other definitions and instructions to which it pertains:

1.    As used herein, the terms "You," "Your," and "Plaintiff" means Plaintiff Tammy Hatmaker and all of her past and present agents, representatives, attorneys, and others acting or purporting to act on her behalf.

2.    As used herein, the term "Defendant(s)" means one or more of Defendants PJ Ohio, LLC; PJ Pizza Ohio, LLC; PJ Las Vegas, LLC; and PJ North Carolina, LLC, as well as their attorneys and every agent or any other person or any other representative acting or purporting to act on its or their behalf.

3.    As used herein, "Document" is used in its broadest sense to mean every writing or record of every type and description that is in the possession, custody, or control of Plaintiff(s) or their attorneys, and every copy of such writing or record where the original is not in the possession, custody, or control of Plaintiff(s) or their attorneys, and each copy of each such writing or record where such copy contains any commentary or notation whatsoever that does not appear in the original. "Document" also means (1) the original or copy of any written, printed, typed or other graphic matter of any kind or nature including, but not limited to, notes of conversations or diaries; (2) the original or copy of any stenographic, mechanical, electrical, tape, or other recording, as

2

well as transcriptions thereof; (3) e-mails or any other data stored in electronic form, including but not limited to, in computer hard drives, servers, disks, tapes, CD-ROMS, and the like; and (4) the original or copy of any other thing from which information can be obtained and translated if necessary by You. If a Document has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of any subsequent notation on, or other modification of, a copy), each non-identical copy is to be construed as a separate document. "Document" also includes electronic documents and electronically stored information.

4. As used herein, "Communication(s)" means any written, verbal, or electronic conversation or other statement from one person to another, including, but not limited to, any interview, conference, meeting, e-mail, text message, document, or telephone conversation.

5. As used herein, "Complaint" means the Third Amended Complaint filed by Plaintiffs on or about March 28, 2018 in the United States District Court for the Southern District of Ohio titled *Tammy Hatmaker, Stephen Hatmaker, Kenall Peyton, Alan Huxford, Derek Green, and Bobby White v. PJ Ohio, LLC; BLD Brands, LLC; Serazen, LLC; PJ Pizza Ohio, LLC; PJ Las Vegas, LLC; PJ North Carolina, LLC; Doug Pak; Darcie Mangus*, Case No. 3:17-cv-146-TMR.

6. As used herein, the term "Automobile Expense(s)" means expenses allegedly incurred by Plaintiffs including, but not limited to, automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, and other equipment as referenced in ¶ 171 of the Complaint.

7. As used herein, the term "tip(s)" means any monetary payment (whether via cash, check, or credit card) you received from Defendants' customers in the course of delivering pizzas or other food items on behalf of Defendants.

3

8.      "Refer," "relate," "reflect," "regard," "refer to," "relate to," relating to," and "concerning" (or forms thereof) shall mean directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting upon, relevant to, impinging or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, reflecting, or constituting. With respect to a document, the terms "refer," "relate," "reflect," "regard," "refer to," "relate to," "relating to," and "concerning" (or forms thereof) include the document itself.

9.      Nouns, whether singular or plural herein, shall be construed either as singular or plural as necessary to bring within the scope of these requests any responses which might otherwise be construed to be outside their scope.

10.      The terms "and" or "or" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of these requests any responses which might otherwise be construed to be outside their scope.

11.      As used herein, "identify," "identity," or "identification" means, when used in referenced to:

(a)      a natural person, his or her:

    (i)      full name;
    (ii)     home address;
    (iii)    business address;
    (iv)     telephone number;
    (v)      e-mail address;
    (vi)     present or last known position, business affiliation, and job description.

(b)      a company, corporation, association, partnership, or legal entity other than a natural person:

    (i)      its full name;
    (ii)     a description of the type of organization or entity;

4

      (iii)    the address of its principal place of business;
      (iv)    the jurisdiction of incorporation or organization; and
      (v)    the date of its incorporation or organization.

(c)    a document:

      (i)    its description (for example, letter, memorandum, electronic file, report, etc.);
      (ii)    whether any drafts were prepared before the final version (and if so, provide the same information about each and every draft as is requested for the document itself);
      (iii)    its title;
      (iv)    its date;
      (v)    the number of pages thereof;
      (vi)    its subject matter;
      (vii)    the identity of its author, signer, and any person who participated in its preparation;
      (viii)    the identity of its addressee or recipient;
      (ix)    the identity of each person to whom copies were sent and each person by whom copies were received;
      (x)    its present location;
      (xi)    the identity of its custodian (If any such document was, but is no longer, in the possession of or subject to the control of the party answering these interrogatories, state what disposition was made of it and when); and
      (xii)    attach to the answers to these interrogatories a true and authentic copy of the document at issue and each and every draft thereof.

(d)    an oral communication:

      (i)    the date and time when it occurred;
      (ii)    the place where it occurred;
      (iii)    the complete substance of the communication;
      (iv)    the identity of each person
           (A) to whom such communication was made;
           (B) by whom such communication was made; and
           (C) who was present when such communication was made;
      (v)    if by telephone:
           (A) the identity of each person;
           (B) who made each phone call;
           (C) who participated in each call;
           (D) the place where each person participating in each call was located;
      (vi)    the identity of all documents memorializing, referring, or relating in any way to the subject matter of the communication.

5

12.     Except as stated above, all terms and words used in the following requests shall have the meaning as set forth in Merriam Webster's Dictionary (Latest Edition) unless otherwise defined herein.

FPDOCS 34061352.1

## INTERROGATORIES

1.    State Your full name, current address, current telephone number, all addresses at which You have lived during the past ten years, date of birth, and social security number.

2.    Provide a chronological educational and employment history from completion of high school to present, including:

    (a) With respect to education, state the name and address of the educational institution(s), the date of attendance, and degrees or certificates conferred, and the date such degrees were conferred; and

    (b) With respect to employers from high school to the present, state the name and address of each employer, Your job title, a brief description of responsibilities, Your supervisor's name, Your salary, and the reason for leaving employment (if terminated, please state the reason for the termination), and explain any gaps in employment.

3.    Identify each person who You claim or believe has knowledge of facts relevant to any claim or defense in this lawsuit, and for each such individual state briefly the matters about which the individual has knowledge.

4.    If You have ever been a party to any other civil litigation, including bankruptcy, provide the details of that litigation, including the names and addresses of the other parties, the jurisdiction in which the litigation was filed, the civil docket or case number, the date the litigation was filed, a brief description of the litigation, the date on which the matter was resolved, and if, it was resolved in what manner (e.g. settlement, judgment), and the names and addresses of all attorneys who filed appearances in the action, indicating on whose behalf the appearance was filed.

5.    State whether You maintain an account with Facebook, Twitter, or any similar social networking internet site, Your username, and the web address of any page You maintain on such site.

6.    Identify any groups or message boards on Facebook, Twitter, or any similar social networking internet site that You are a member of that involve Papa John's, other Papa John's delivery drivers, or are related to the allegations in the Complaint.

FPDOCS 34061352.1

7.     Identify and describe by category all damages and damage amounts to which You claim you are entitled, for which You claim You have not been paid by Defendant(s), including a detailed description of the methodology for calculating all such damages.

8.     Identify all material and principal facts that support Your contention that "Defendants did not inform delivery drivers in Ohio and North Carolina of the tip credit provisions of the FLSA," as set forth in ¶ 168 of the Complaint and set forth when and how You first learned You were compensated through a tip credit.

9.     Identify all material and principal facts that support Your contention that You "purchase[d] gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, and suffered automobile depreciation for the primary benefit of Defendants," as set forth in ¶ 172 of the Complaint.

10.     Identify all material and principal facts that support Your contention that "Defendants have failed to pay Plaintiffs and similarly situated delivery drivers the legally required minimum wage and overtime wages because they failed to adequately reimburse them for their automobile expenses," as set forth in ¶ 181 of the Complaint.

11.     Identify all material and principal facts that support Your contention that "[q]uestions of fact and law common to the Ohio class predominate over any questions affectingly only individual members," as set forth in ¶ 257 of the Complaint.

12.     Identify all material and principal facts that support Your contention that "[t]he Ohio Named Plaintiffs are typical of those of the Ohio class," as set forth in ¶ 259 of the Complaint.

13.     Identify all material and principal facts that support Your contention that "[t]he Ohio Named Plaintiffs are adequate representatives of the Ohio Class," as set forth in ¶ 261 of the Complaint.

14.     Identify all material and principal facts that support Your contention that Defendant(s) willfully violated the Fair Labor Standards Act and O.R.C. § 4113.15.

15.     Identify all Automobile Expenses to which You claim You are entitled, for which You claim You have not been paid by Defendant(s). For each and every expense, set forth:

8

(a) The date the expense was incurred;

(b) The type of expense;

(c) The amount of the expense;

(d) The person(s) that paid the expense;

(e) Any reimbursement You received from Defendant(s) in connection with the expense; and

(f) Any request(s) You made to Defendant(s) reflecting, describing, concerning, or relating to the expense.

16.    Identify the make, model, and year of all automobile(s) for which You incurred expenses from 2014 to the present for the purpose of delivering pizza and other food items during Your employment with Defendant(s), for which You claim You have not been paid.

17.    Identify and describe each and every reimbursement You received for Automobile Expenses and/or any other expenses while You were employed by Defendant(s), including the amount of such reimbursement.

18.    Identify or define the method by which you contend you should have been reimbursed for Automobile Expenses.  If the method is a per mile reimbursement, state the reimbursement rate you contend was required and the basis for such rate.

19.    Identify every tip(s) you received from any of Defendant(s)' customers while You were employed by Defendant(s), including the date and amount of the tip, the total amount of tips you received during each month of Your employment with Defendant(s), and whether You reported such tip(s) to any state or federal departments of revenue.

20.    State the month, date range, and year (for example, "August 15-21, 2014") of each calendar week You claim You were not paid minimum wage while You were employed by Defendant(s); and for each calendar week You claim You were not paid minimum wage, state Your job title, supervisor, location where you worked, hours worked, and the amount You were paid below the minimum wage for that week.

21.    Identify all persons who are current or former employees of Defendant(s) with whom You have had contact or communication(s) about the claims You make in the Complaint, and for each person identified provide the date(s) of each communication You had with the person,

9

identify the person initiating the communication, describe the substance of each communication, and identify any document concerning the communication.

     22.    For each automobile that You drove to deliver pizzas during your employment with Defendant(s):

    a.  State the vehicle identification number ("VIN") for the automobile;

    b.  State the year, make, and model of the automobile;

    c.  Identify the person who owns or owned the automobile when You were using it to deliver pizzas;

    d.  State the month/day/year You purchased or otherwise came into possession of the automobile;

    e.  Identify the person who paid for the automobile and the price paid;

    f.  State the approximate value of the automobile when You began Your employment with Defendant(s), and the approximate value of Your automobile when You ended Your employment with Defendant(s) (or if You are still employed, then the current value of the automobile);

    g.  State the average miles per gallon of gas used by the automobile during the time You were using it to deliver pizzas for Defendant(s);

    h.  State the insurance policy number(s) for the automobile during the time You were using it to delivery pizzas for Defendant(s) and for each policy: (i) state the name and address of the insurer; (ii) state the start and end date of each policy; (iii) identify each person listed as an "insured" on each policy; (iv) identify the person(s) who paid for the policy; (v) state the amount of monthly premium of each policy from the date You first obtained the policy and include any changes in the amount of premium through the date You last held the policy; and (vi) state the month/day/year of and briefly describe all claims You made against the policy;

    i.  State all months/days/years when You had the automobile serviced or repaired during the time You were using it to deliver pizzas for Defendant(s) and for each service or repair: (i) describe the type of service or repair; (ii) identify the person who performed the service or repair; (iii) the cost of the service or repair; (iv) identify the person who paid for the service or repair; and (v) state the percentage of the service or repair that You attribute to the use of the automobile in delivering pizzas for Defendant(s) and the portion of the cost You attribute to Your personal use of the automobile;

    j.  State all months/days/years when You purchased parts, supplies, or fluids for the automobile during the time You were using it to deliver pizzas for Defendant(s) (excluding any parts, supplies, or fluids that would have been purchased in connection with the service or repairs identified above) and for each purchase: (i) describe the parts, supplies, and/or fluids purchased; (ii) the identity of the person from whom You purchased the parts, supplies, and/or fluids; (iii) the cost of the parts, supplies, and/or fluids purchased; (iv) the identity of the person who paid for

the parts, supplies and/fluids purchased; and (v) the portion of the costs of the parts, supplies, and/or fluids purchased that You attribute to the use of the automobile in delivering pizzas for Defendant(s) and the portion of the cost You attribute to Your personal use of the automobile;

k. State the month/day/year You first started using the automobile to deliver pizzas for Defendant(s) and the month/day/year You last used the automobile to deliver pizzas for Defendant(s) (or if You are still employed and using the vehicle, then state "the present");

l. State the total number of miles on the automobile when You first started using it to deliver pizzas for Defendant(s) and the total number of miles on the automobile when You last used it to deliver pizzas for Defendant(s) (or if You are still using the automobile to deliver pizzas for Defendant(s), then put Your current mileage);

m. State the total number of miles You put on the automobile to deliver pizzas for Defendant(s) (and if You are still using the automobile to delivery pizzas for Defendant(s), then calculate the number of miles as of today's date);

n. State the total number of miles You put on the automobile for personal use during the time frame that You also used the automobile to deliver pizzas for Defendant(s) (and if you are still using the automobile to deliver pizzas for Defendant(s), then calculate the number of miles as of today's date); and

o. State the month, date range, and year of each calendar week (for example, "August 15-21, 2014") for which You claim You were not paid minimum wage and were driving the automobile and the number of miles You put on the automobile delivering pizzas during that week and the number of miles You put on the automobile for personal use during that week.

23. If You have retained an expert upon whom You intend to rely in connection with any motion for conditional certification under the FLSA that You file in this action, please:

a. Identify the person who is the expert;

b. State the qualifications of the expert and list all publications authored by the expert in the previous ten (10) years;

c. List the party names, case numbers, and jurisdictions of all other "wage and hour" cases (including any case brought pursuant to the FLSA or any case brought pursuant to wage and/or hour law) in which the expert has been retained as an expert during the previous four (4) years;

d. State the opinion(s) that the expert intends to render in connection with and/or in support of your motion for conditional certification;

e. State the basis of any opinions set forth in response to subpart (d) above;

f. Identify any documents that express or contain any information, factual observations, reports, opinions, or other statements of the expert concerning this action and the allegations made in the Complaint; and

11

g.  Identify any documents relied on my the expert to formulate or prepare the information, factual observation, reports, opinions, or other statements concerning this action and the allegations made in the Complaint.

Dated: May 16, 2018

By: _____

Kathleen McLeod Caminiti
(admitted pro hac vice)
FISHER & PHILLIPS LLP
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
Telephone: (908) 516-1050
Facsimile: (908) 516-1051
kcaminiti@fisherphillips.com

J. Hagood Tighe
FISHER & PHILLIPS LLP
1320 Main Street, Suite 750
Columbia, South Carolina 29201
Telephone: (803) 255-0000
Facsimile: (803) 255-0202
htighe@fisherphillips.com

Mathew A. Parker
FISHER & PHILLIPS LLP
250 West Street, Suite 400
Columbus, Ohio 43215
Telephone: (614) 221-1425
Facsimile: (614) 221-1409
mparker@fisherphillips.com

*Attorneys for Defendants*

FPDOCS 34061352.1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

TAMMY HATMAKER, et al., on behalf of )
themselves and those similarly situated, )
                                           )       Case No. 3:17-cv-146
                    Plaintiffs, )
                                           )       Judge Thomas M. Rose, U.S.D.J.
v.                                                  )
                                                  )
PJ OHIO, LLC, et al., )
                                                  )
                   Defendants. )

## VERIFICATION

STATE OF OHIO           )
                             )
COUNTY OF _____ )

_____, being first duly sworn according to law, deposes and states that he/she has read the foregoing Answers to Defendants' First Set of Interrogatories and the answers are true and correct to the best of his/her personal knowledge.

                                    _____
                                    Signature

       **SWORN TO BEFORE ME** and subscribed in my presence on this _____ day of _____, 2018.

                                    _____
                                    NOTARY PUBLIC

13

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May ~~15~~ 16, 2018, a copy of the foregoing Defendants' First Set of Interrogatories was sent via electronic and regular mail to:

Andrew Kimble, Esq.
Markovits, Stock & DeMarco, LLC
3825 Edwards Road, Suite 650
Cincinnati, Ohio 45209

_____
Kathleen McLeod Caminiti

14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| TAMMY HATMAKER, et al., on behalf of themselves and those similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 3:17-cv-146 |
| v. | ) ) | Judge Thomas M. Rose, U.S.D.J. |
| PJ OHIO, LLC, et al., | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANTS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Defendants PJ Ohio, LLC; PJ Pizza Ohio, LLC; PJ Las Vegas, LLC; and PJ North Carolina, LLC (collectively "Defendants"), by and through their attorneys, Fisher & Phillips LLP, and pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, request that Plaintiff Tammy Hatmaker answer the following First Request for Production of Documents separately and fully, in writing, under oath, and within thirty (30) days after service hereof in accordance with the following instructions and definitions.

## INSTRUCTIONS

Pursuant to the Federal and Local Rules of Civil Procedure, you are to furnish all information available to you. This includes not only your personal knowledge, but also such information as is reasonably available to you, including the knowledge of persons or representatives acting on your behalf. You are to designate which of such information is not within your personal knowledge, and as to that information you are to state the name and address of every

1

person from whom it was received, or, if the source of the information is documentary, a full description of the document including its location.

The following document requests are to be considered as continuing and you are requested to provide, by way of supplementary answers thereto, such additional information as you, your agents, or any other person acting on your behalf may hereafter obtain, which will supplement or otherwise modify your answers to these requests. Such supplemental responses are to be served upon counsel for Defendants within ten (10) days after receipt of such information.

## DEFINITIONS

Each of the following definitions and instructions is incorporated into each of the Requests for Documents and into each of the other definitions and instructions to which it pertains:

1.  As used herein, the terms "You," "Your," and "Plaintiff" means Plaintiff Tammy Hatmaker and all of her past and present agents, representatives, attorneys, and others acting or purporting to act on her behalf.

2.  As used herein, the term "Defendant(s)" means one or more of Defendants PJ Ohio, LLC; PJ Pizza Ohio, LLC; PJ Las Vegas, LLC; and PJ North Carolina, LLC, as well as their attorneys and every agent or any other person or any other representative acting or purporting to act on its or their behalf.

3.  As used herein, "Document" is used in its broadest sense to mean every writing or record of every type and description that is in the possession, custody, or control of Plaintiff(s) or their attorneys, and every copy of such writing or record where the original is not in the possession, custody, or control of Plaintiff(s) or their attorneys, and each copy of each such writing or record where such copy contains any commentary or notation whatsoever that does not appear in the original. "Document" also means (1) the original or copy of any written, printed, typed or other

graphic matter of any kind or nature including, but not limited to, notes of conversations or diaries; (2) the original or copy of any stenographic, mechanical, electrical, tape, or other recording, as well as transcriptions thereof; (3) e-mails or any other data stored in electronic form, including but not limited to, in computer hard drives, servers, disks, tapes, CD-ROMS, and the like; and (4) the original or copy of any other thing from which information can be obtained and translated if necessary by You. If a Document has been prepared in several copies, or additional copies have been made that are not identical (or are no longer identical by reason of any subsequent notation on, or other modification of, a copy), each non-identical copy is to be construed as a separate document. "Document" also includes electronic documents and electronically stored information.

4. As used herein, "Communication(s)" means any written, verbal, or electronic conversation or other statement from one person to another, including, but not limited to, any interview, conference, meeting, e-mail, text message, document, or telephone conversation.

5. As used herein, "Complaint" means the Third Amended Complaint filed by Plaintiffs on or about March 28, 2018 in the United States District Court for the Southern District of Ohio titled *Tammy Hatmaker, Stephen Hatmaker, Kenall Peyton, Alan Huxford, Derek Green, and Bobby White v. PJ Ohio, LLC; BLD Brands, LLC; Serazen, LLC; PJ Pizza Ohio, LLC; PJ Las Vegas, LLC; PJ North Carolina, LLC; Doug Pak; Darcie Mangus*, Case No. 3:17-cv-146-TMR.

6. As used herein, the term "Automobile Expense(s)" means expenses allegedly incurred by Plaintiffs including, but not limited to, automobile costs and depreciation, gasoline expenses, automobile maintenance and parts, insurance, and other equipment as referenced in ¶ 171 of the Complaint.

FPDOCS 34061696.1

7. As used herein, the term "tip(s)" means any monetary payment (whether via cash, check, or credit card) you received from Defendants' customers in the course of delivering pizzas or other food items on behalf of Defendants.

8. "Refer," "relate," "reflect," "regard," "refer to," "relate to," relating to," and "concerning" (or forms thereof) shall mean directly or indirectly, in whole or in part, referring to, relating to, connected with, commenting upon, relevant to, impinging or impacting upon, affecting, responding to, showing, describing, representing, supporting, contradicting, stating, mentioning, showing, evaluating, recording, noting, analyzing, reflecting, or constituting. With respect to a document, the terms "refer," "relate," "reflect," "regard," "refer to," "relate to," "relating to," and "concerning" (or forms thereof) include the document itself.

7. Nouns, whether singular or plural herein, shall be construed either as singular or plural as necessary to bring within the scope of these requests any responses which might otherwise be construed to be outside their scope.

8. The terms "and" or "or" shall be construed both conjunctively and disjunctively, and each shall include the other whenever such dual construction will serve to bring within the scope of these requests any responses which might otherwise be construed to be outside their scope.

9. As used herein, "identify," "identity," or "identification" means, when used in referenced to:

(a) a natural person, his or her:

    (i) full name;
    (ii) home address;
    (iii) business address;
    (iv) telephone number;
    (v) e-mail address;
    (vi) present or last known position, business affiliation, and job description.

4

(b)     a company, corporation, association, partnership, or legal entity other than a natural person:

    (i)      its full name;
    (ii)     a description of the type of organization or entity;
    (iii)    the address of its principal place of business;
    (iv)     the jurisdiction of incorporation or organization; and
    (v)      the date of its incorporation or organization.

(c)     a document:

    (i)      its description (for example, letter, memorandum, electronic file, report, etc.);
    (ii)     whether any drafts were prepared before the final version (and if so, provide the same information about each and every draft as is requested for the document itself);
    (iii)    its title;
    (iv)     its date;
    (v)      the number of pages thereof;
    (vi)     its subject matter;
    (vii)    the identity of its author, signer, and any person who participated in its preparation;
    (viii)   the identity of its addressee or recipient;
    (ix)     the identity of each person to whom copies were sent and each person by whom copies were received;
    (x)      its present location;
    (xi)     the identity of its custodian (If any such document was, but is no longer, in the possession of or subject to the control of the party answering these interrogatories, state what disposition was made of it and when); and
    (xii)    attach to the answers to these interrogatories a true and authentic copy of the document at issue and each and every draft thereof.

(d)     an oral communication:

    (i)      the date and time when it occurred;
    (ii)     the place where it occurred;
    (iii)    the complete substance of the communication;
    (iv)     the identity of each person
        (A) to whom such communication was made;
        (B) by whom such communication was made; and
        (C) who was present when such communication was made;
    (v)      if by telephone:
        (A) the identity of each person;
        (B) who made each phone call;
        (C) who participated in each call;

                    (D) the place where each person participating in each call was located;

(vi)    the identity of all documents memorializing, referring, or relating in any way to the subject matter of the communication.

10.    Except as stated above, all terms and words used in the following requests shall have the meaning as set forth in Merriam Webster's Dictionary (Latest Edition) unless otherwise defined herein.

FPDOCS 34061696.1

## DOCUMENT REQUESTS

1.     All Documents and Communications reflecting, describing, concerning, or relating to any Automobile Expenses to which You claim You were entitled during Your employment for which You claim You have not been paid.

2.     All Documents and Communications reflecting, describing, concerning, or relating to Your reimbursement for Automobile Expenses, including but not limited to all Documents and Communications regarding reimbursement paid to You by Defendant(s).

3.     For all automobile(s) that You incurred expenses for the purpose of delivering pizza and other food items during Your employment by Defendant(s) for which You claim You have not been paid, produce Documents and Communications sufficient to show:

    (a) Automobile make, model, and year;
    (b) Date of purchase;
    (c) Person(s) that purchased the automobile;
    (d) Cost of purchase;
    (e) Mileage on automobile at time of purchase;
    (f) Registered owner;
    (g) License plate number;
    (h) Registration costs from 2014 to present, including information showing the person(s) that paid such costs;
    (i) Taxes paid on the automobile from 2014 to present, including information showing the person(s) that paid such costs;
    (j) Insurance paid for the automobile from 2014 to present, including information showing the person(s) that paid such costs;
    (k) Date(s) the automobile was used by You for the purpose of delivering pizza and other food items for Defendant(s); and
    (l) Make, model, and size of the tires installed on the automobile when it was used by You for the purpose of delivering pizza and other food items for Respondents.

4.     All Documents and Communications from 2014 to the present reflecting, describing, concerning, or relating to all maintenance performed on all automobile(s) that You incurred expenses for the purpose of delivering pizza and other food items during Your employment by Defendant(s) for which You claim You have not been paid, including Documents and Communications sufficient to show the person(s) that paid all maintenance expenses.

5.     All insurance policies from 2014 to the present for all automobile(s) that You incurred expenses for the purpose of delivering pizza and other food items during Your employment by Defendant(s) for which You claim You have not been paid.

7

6.     All Documents and Communications reflecting, describing, concerning, or relating to Your personal use of all automobile(s) that You incurred expenses for the purpose of delivering pizza and other food items during Your employment by Defendant(s) for which You claim You have not been paid, including but not limited to information concerning:

(a) Use of the automobile;
(b) Person(s) that drive the automobile;
(c) Daily driving habits;
(d) Average amount of miles You and any other person drives the automobile per day;
(e) Average amount of miles You and any other person drives the automobile per year;
(f) Type(s) of terrain (stop and go traffic, highway, mountains, hills) that You or any other person drives the automobile; and
(g) How the automobile is stored.

7.     All Documents and Communications between You and Defendant(s) reflecting, describing, concerning, or relating to any requests by You to Respondents regarding additional reimbursement for Automobile Expenses.

8.     All Documents and Communications between You and Defendant(s) reflecting, describing, concerning, or relating to any complaints made by You to Defendant(s) regarding reimbursement for Automobile Expenses.

9.     All Documents and Communications between You and Defendant(s) reflecting, describing, concerning, or relating to Automobile Expenses.

10.    All Documents and Communications between You and any person or entity, including any current or former pizza delivery drivers (whether employed by Defendant(s) or otherwise), reflecting, describing, concerning, or relating to reimbursement for Automobile Expenses.

11.    All Documents and Communications between You and any person or entity, including any current or former pizza delivery drivers (whether employed by Defendant(s) or otherwise), reflecting, describing, concerning, or relating to any allegations in the Complaint.

12.    All Documents and Communications that support Your allegations in the Complaint.

FPDOCS 34061696.1

13.    All Documents and Communications reflecting, describing, concerning, or relating to the damages You claim in the Complaint.

14.    All Documents and Communications that support, refute, or relate to Your allegation that Defendant(s) willfully violated the Fair Labor Standards Act and O.R.C. § 4113.15.

15.    All Documents and Communications identified in Your responses to Defendant(s)' First Set of Interrogatories.

16.    All Documents and Communications reflecting, describing, concerning, or related to any tips You received from Defendant(s)' customers in the course of delivering pizzas or other food items on behalf of Defendant(s).

17.    All Documents and Communications that support, refute, or relate to Your allegation that "Defendants did not inform delivery drivers in Ohio and North Carolina of the tip credit provisions of the FLSA," as set forth in ¶ 168 of the Complaint.

18.    All Documents and Communications that support, refute, or relate to Your allegation that You were required to "purchase gasoline, vehicle parts and fluids, automobile repair and maintenance services, automobile insurance, and suffered automobile depreciation for the primary benefit of Defendants," as set forth in ¶ 172 of the Complaint.

19.    All Documents and Communications that support, refute, or relate to Your allegation that "Defendants have failed to pay Plaintiffs and similarly situated delivery drivers the legally required minimum wage and overtime wages because they failed to adequately reimburse them for their automobile expenses," as set forth in ¶ 181 of the Complaint.

20.    All Documents and Communications that support, refute, or relate to Your allegation that "Defendants have failed to maintain records of delivery drivers' compensation, particularly their delivery reimbursement amounts," as set forth in ¶ 183 of the Complaint.

21.    All Documents and Communications that support, refute, or relate to Your allegation that "Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage," as set forth in ¶ 245 of the Complaint.

9

22. All Documents and Communications that support, refute, or relate to Your allegation that "[q]uestions of fact and law common to the Ohio class predominate over any questions affecting only individual members," as set forth in ¶ 257 of the Complaint.

23. All Documents and Communications that support, refute, or relate to Your allegation that the "[c]laims of the Ohio Named Plaintiffs are typical of those of the Ohio class," as set forth in ¶ 259 of the Complaint.

24. All Documents and Communications that support, refute, or relate to Your allegation that "[t]he Ohio Named Plaintiffs are adequate representatives of the Ohio Class," as set forth in ¶ 261 of the Complaint.

25. All Documents and Communications that support, refute, or relate to Your allegation that "[q]uestions of fact and law common to the Nevada Class predominate over any questions affecting only individual members," as set forth in ¶ 268 of the Complaint.

26. All Documents and Communications that support, refute, or relate to Your allegation that "Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses," as set forth in ¶ 294 of the Complaint.

27. All Documents and Communications that support, refute, or relate to Your allegation that "Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage," as set forth in ¶ 295 of the Complaint.

28. All Documents and Communications that support, refute, or relate to Your allegation that "Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA," as set forth in ¶ 302 of the Complaint.

29. All Documents and Communications reflecting communications on Facebook, Twitter, or other social networking sites, including wall posts, posts in groups or message boards, or Facebook messenger instant messages, regarding Papa John's and the allegations in the Complaint.

30. Your desk calendar, appointment book, personal diary, journal, notes, or other contemporaneous memorializations, whether in paper or electronic form, created or maintained by You during Your employment with Defendant(s) and continuing to present.

10

31.     Copies of any written, recorded, or transcribed statements made by any party or witness relating to the facts alleged in the Complaint.

32.     Federal and state income tax returns and Internal Revenue Service W-2 Forms for each year You were employed by Defendant(s), including all documents or forms you filed with the Internal Revenue Service, and any form showing self-employment or other employment not reflected on the Internal Revenue Service or state tax returns.

33.     Every document which relates to Your employment with Defendant(s), including without limitation:

   (a) hours worked each workweek;
   (b) attendance;
   (c) job description(s);
   (d) job duties or expectations;
   (e) performance evaluations and/or ratings;
   (f) disciplinary actions;
   (g) promotion(s)/demotion(s) sought or achieved;
   (h) employment-related complaints;
   (i) compensation and any benefits or emoluments of employment to which You were entitled and/or received during Your employment; and
   (j) separation of employment.

34.     Any and all Documents or information given or submitted to any state or federal agency or administrative body by You or Your agents relative to any issue in this case or the allegations raised in the Complaint.

35.     All documents concerning the distances You drove per delivery during the period You worked for Defendant(s) from April 27, 2014, through the present.

36.     All documents concerning any deliveries You made for Defendant(s) during the period You worked for Defendant(s) from April 27, 2014, through the present.

37.     All statements and records from any financial institution (i.e. bank, credit union, or other similar institution) in which You had an account from which You withdrew funds in any manner (i.e. wrote checks, made on-line payments, used a debit card, etc.) for the period You worked for Defendant(s) from April 27, 2014, through the present concerning any automobile expenses You incurred.

11

38.     All credit card statements for any account against which You made charges for the period You worked for Defendant(s) from April 27, 2014, through the present concerning any automobile expenses You incurred.

39.     All receipts for, or other documents concerning payment of, any automobile expenses You incurred during the period you worked for Defendant(s) from April 27, 2014, through the present.

40.     All cancelled checks for any automobile expenses You incurred during the period You worked for Defendant(s) from April 27, 2014, through the present.

41.     All personal property tax bills for any automobile that You used in performing job duties for Defendant(s) for the year before You began Your employment with Defendant(s) through the present.

42.     All written communications (including written letters, notes, or e-mails) or documents that reference oral communications (including notes of telephone or in person conversations) between You and any employee of Defendant(s) (past or present) concerning: (1) Your lawsuit, or any of the allegations in the Complaint; (2) Your automobile expenses; and/or (3) Your allegation that You were not paid the minimum wage.

43.     All written communications (including written letters, notes, or e-mails) or documents that reference oral communications (including notes of telephone or in person conversations) between You and anyone who is *not* a past or present employee of Defendant(s) (other than your attorney) concerning: (1) Your lawsuit, or any of the allegations in the Complaint; (2) Your automobile expenses; and/or (3) Your allegations that you were not paid the minimum wage.

44.     All documents urging current or former employees to, or describing how current or former employees may, become parties to this lawsuit.

45.     All documents regarding Your agreement to compensate Your counsel for attorneys' fees related to this lawsuit.

46.     Your federal and state income tax returns (including all W-2s, 1099s, and other forms attached thereto) for the years, 2014, 2015, 2016, 2017, and any future years; all documents

used to support or prepare the returns; and all documents (including, but not limited to, payroll stubs) concerning income earned by You in those years for which federal and state income tax returns are not yet available.  You may limit your production for the year(s) you were employed by Defendant(s).

47.    All documents that express or contain any information, factual observations, reports, opinions, or other statements of any expert witness, regardless of expertise, upon whose expertise You may rely in connection with any motion for conditional certification that You file in this action or who You may call to testify at trial.

48.    The curriculum vitae of any expert witness upon whose expertise You may rely in connection with any motion for conditional certification that You file in this action or who You may call to testify at trial.

49.    All documents provided by You to any expert witness upon whose expertise You may rely in connection with any motion for conditional certification that You file in this action or who You may call to testify at trial.

50.    All documents provided to You by any expert witness upon whose expertise you may rely in connection with any motion for conditional certification that You file in this action or who You may call to testify at trial.

51.    All documents relied upon by any expert witness upon whose expertise You may rely in connection with any motion for conditional certification that You file in this action or who You may call to testify at trial to express or formulate any information, factual observations, reports, opinions, or other statements of the expert witness.

Dated: _____May 16_____, 2018

By: _____

Kathleen McLeod Caminiti
(admitted pro hac vice)
FISHER & PHILLIPS LLP
430 Mountain Avenue, Suite 303
Murray Hill, New Jersey 07974
Telephone: (908) 516-1050
Facsimile: (908) 516-1051
kcaminiti@fisherphillips.com

J. Hagood Tighe

13

FISHER & PHILLIPS LLP
1320 Main Street, Suite 750
Columbia, South Carolina 29201
Telephone: (803) 255-0000
Facsimile: (803) 255-0202
htighe@fisherphillips.com

Mathew A. Parker
FISHER & PHILLIPS LLP
250 West Street, Suite 400
Columbus, Ohio 43215
Telephone: (614) 221-1425
Facsimile: (614) 221-1409
mparker@fisherphillips.com

*Attorneys for Defendants*

14

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on _____May 16, 2018_____, a copy of the foregoing Defendants' First Request for Production of Documents was sent via electronic and regular mail to:

Andrew Kimble, Esq.
Markovits, Stock & DeMarco, LLC
3825 Edwards Road, Suite 650
Cincinnati, Ohio 45209

_____
Kathleen McLeod Caminiti

15

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| Tammy Hatmaker, Stephen Hatmaker, Kendall Peyton, Alan Huxford, Derek Green, and Bobby White | Case No. 3:17-cv-146 |
| *On behalf of themselves and those similarly situated,* | |
| Plaintiffs, | |
| v. | Judge Thomas Rose |
| PJ Ohio, LLC; BLD Brands, LLC; Serazen, LLC; PJ Pizza Ohio, LLC; PJ Las Vegas, LLC; PJ North Carolina, LLC; Doug Pak; Darcie Mangus | |
| Defendants. | |

RULE 26(F) REPORT OF THE PARTIES

1. Pursuant to Fed. R. Civ. P. 26(f), the parties met on March 13, 2019. The meeting was

   attended by:

   > Andrew Biller, Andrew Kimble, Philip Krzeski counsel for plaintiffs, Tammy Hatmaker, Stephen Hatmaker, Kendall Peyton, Alan Huxford, Derek Green, and Bobby White.

   > Kathleen Caminiti and Mathew Parker, counsel for defendants, PJ Ohio, LLC; BLD Brands, LLC; Serazen, LLC; PJ Pizza Ohio, LLC; PJ Las Vegas, LLC; PJ North Carolina, LLC; Doug Pak; and Darcie Mangus.

2. The parties:

____ have provided the pre-discovery disclosures required by Rule 26(a)(1), including a medical package (if applicable).

___X___ will exchange such disclosures by <u>April 26, 2019</u>.

_____ are exempt from disclosure under Rule 26(a)(1)(B).

3. The parties:

_____ unanimously consent to the jurisdiction of the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

___X___ do not unanimously consent to the jurisdiction of the assigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

_____ unanimously give contingent consent to the jurisdiction of the assigned United States Magistrate Judge pursuant to 28 U.S.C. 5 636(c), for trial purposes only in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4. Recommended cut-off date for filing of motions directed to the pleadings: <u>To be determined</u>.

5. Recommended cut-off date for filing any motion to amend the pleadings or to add additional parties: <u>June 30, 2019</u>.

6. Recommended discovery plan:

As explained in greater detail throughout this report, the parties have different views on the proper schedule for this case.

**Plaintiffs**
Plaintiffs actually believe the parties have very similar views on how this case should get off the ground: the parties should file cross-motions for summary judgment on the proper methodology for determine minimum wage compliance in the delivery driver context. Plaintiffs would be content saving their argument on that point until the parties actually file their briefs, but since Defendants have insisted on including much of their legal argument below, Plaintiffs feel compelled to address the issue briefly:

Plaintiffs believe the proper course is as follows: the parties should brief the issue of the proper measure of minimum wage compliance in the delivery driver context: are employers permitted to "reasonably approximate" expenses, or must they pay either for actual expenses (with attendant recordkeeping) or at the IRS standard business mileage rate. *See* DOL Handbook § 30c15(a); *Brandenburg v. Cousin Vinny's Pizza*, No. 3:16-cv-516, 2018 WL 5800594, *4 (S.D. Ohio Nov. 6, 2018) ("Because the vehicles owned by the delivery drivers are considered 'tools of the trade,' 29 C.F.R. § 531.35, and required by Cousin Vinny's as a condition of being hired as a delivery driver, there needed to be an adequate

2

reimbursement rate, using either the IRS mileage rate or actual reimbursement of cost, in order to avoid a decrease in the minimum wage and overtime paid."); *Wass v. NPC*, 688 F.Supp.2d 1282 (D.Kan. Mar. 2, 2010) (holding that employers are permitted to reimburse based on a "reasonable approximation" of expenses). From Plaintiffs' perspective, as explained in greater detail in their brief, the proper methodology for determining minimum wage compliance is by reference to the IRS standard business mileage rate. *See, e.g., Brandenburg*, 2018 WL 5800594, *4; *Cornish v. Deli Mgmt., Inc.*, 2016 U.S. Dist. LEXIS 141209, *8-9 (D. Md. Oct. 12, 2016) ("the Department of Labor (DOL) Field Operations Handbook instructs that, for minimum wage purposes, an employer may either reimburse employees who drive a personal vehicle for business use at the IRS standard business mileage rate or keep accurate, contemporaneous expense records and reimburse the employee accordingly."); *Zellagui v. MCD Pizza, Inc.*, 59 F.Supp.3d 712, 716 (E.D. Pa. 2014) (granting default judgment but reasoning that the IRS rate was the proper rate); *Gattuso v. Harte-Hanks Shoppers, Inc.*, 42 Cal.4th 554, 565 (2007) ("If an employer wants to pay less than this established IRS rate, the employer bears the burden of proving that the employee's costs of operating the vehicle for work is actually less."); *In the Matter of an Arbitration*, 2015 WL 8682313 (AAA) (employer must reimburse pizza delivery drivers for vehicle costs at IRS rate); *In the Matter of an Arbitration*, 2015 WL 8682319 (AAA) (same).

Once that issue is determined by the Court as a matter of law, the parties will have a much better sense of what issues need to be resolved to bring this case to conclusion. For example, if the Court holds that the IRS rate applies, no expert testimony will be necessary at all. The case will essentially become a math problem based on the number of miles driven by drivers and the reimbursements paid to them for those miles. Much of the representative discovery contemplated by Defendants below would be rendered unnecessary. On the other hand, if the Court determines employers are permitted to "reasonably approximate" expenses, the parties can proceed to retaining experts, exchanging information, and determining whether Defendants did in fact "reasonably approximate" the drivers' expenses. Even under those circumstances, Plaintiffs disagree with Defendants' overbroad discovery plan. For example, expert discovery need not be completed prior to class certification, and Defendants' proposed "sampling" is largely unnecessary if Defendants can "reasonably approximate" expenses. Those issues can be revisited at a later time.

**Defendants**
Defendants assert that discovery should not begin until after the Court rules on the pending motions to dismiss and the decision of the Ohio Supreme Court on a certified question from the Court in *Buddenberg v. Weisdack*, et al., Case No. 1:18-cv-00522, 2018 WL 3949557 (N.D. Ohio Aug. 17, 2018) which implicates the Ohio state law claims asserted by plaintiffs here (discussed below).

Defendants disagree with the plaintiffs' position regarding the applicability of the IRS rate in this case. The fundamental issue is whether the Drivers were paid minimum wage. Defendants have documentation to prove that it has paid at least the minimum wage to drivers and reimbursed the drivers their expenses. As such, the burden shifts to plaintiffs

to prove liability by demonstrating that the costs incurred by the drivers exceeded the reimbursement. Plaintiffs' strategy is to improperly bypass the key liability issue and move straight to damages.

Defendants point out that there is no requirement to reimburse at the IRS rate. While the IRS rate is sometimes utilized for business travel reimbursement, Courts have recognized that there is no requirement under the FLSA or its regulations that an employer use the IRS rate to reimburse its employees for travel expenses. For example, the Court in *Sullivan v. PJ United, Inc.* (involving another Papa John's franchisee) recently ruled that the IRS rate is not required. *Sullivan v. PJ United, Inc.*, No. 7:13-cv-01275-LSC, ____ F. Supp. 3d ____, 2018 WL 622-114, at *9 (N.D. Ala. July 19, 2018) ("The IRS rate is arbitrary and has no logical tie to the ultimate question in a minimum wage case"). Other Courts have similarly rejected Plaintiffs' assertion that the IRS rate applies. *See, e.g., Nicole Downey v. Autozone, Inc.*, Case No. BC50001 (Cal. Sup. Ct., Aug. 13, 2015) (rejecting contention that the IRS rate is the "presumptively reasonable rate" for calculation of automobile expenses); *Perrin v. Papa John's Intern., Inc.*, 114 F. Supp. 3d 707, 711 (E.D. Mo. 2015) (denying summary judgment for plaintiffs on plaintiffs' theory that the IRS standard business mileage rate is the only reasonable approximation of vehicle expenses, thus leaving the question for the jury to decide based upon all the evidence); *see also Smith v. Pizza Hut, Inc.*, 694 F. Supp. 2d 1227 (D. Colo. 2010) (holding that Defendant may approximate vehicle expenses in reimbursing them); *Wass v. NPC Int'l, Inc.*, 688 F. Supp. 2d 1282, 1285 (D. Kan. 2010)("the applicable regulations also permit an employer to approximate reasonably the amount of an employee's vehicle expenses for purposes of the federal minimum wage law").[1]

Defendants agree that the Court should consider what evidence is required for the plaintiffs to carry their burden proof, including the applicability of the IRS rate in the context of the FLSA's minimum wage requirements. The motion should be presented by way of a cross-motions for partial summary judgment.

Following the Court's rulings, Defendants believe that fact discovery should commence. Expert disclosures and discovery also should proceed because expert discovery is relevant to liability and class certification, as well as damages. As set forth below, when discovery commences, Defendants believe that the Court should require (a) full discovery (document requests, interrogatories and depositions) with respect to all plaintiffs and a representative sampling of 20% the opt-in plaintiffs and (b) that all opt-in plaintiffs shall complete a questionnaire, modeled after questionnaires used or approved in other cases, including case of *Durling v. Papa John's International* No. 16-3592 (S.D.N.Y. Nov. 27, 2018), which is the subject of extensive litigation in the Southern District of New York and *Sullivan v. PJ United*, Doc. No. 13-1275 (N.D.. Ala 2013) (which concluded with a very modest

---

[1] Defendants note that the language the plaintiffs rely upon from *Brandenburg v. Cousin Vinny's Pizza*, No. 3:16-cv-516, 2018 WL 5800594, *4 (S.D. Ohio Nov. 6, 2018) is dicta as the court has not addressed the merits of that case on a motion for summary judgment or other dispositive motion.

settlement after 5+ years of litigation). After expert discovery and discovery of the opt-in plaintiffs are completed, Defendants believe that the parties should brief the issue of class certification. Once class certification is decided, Defendants propose that the parties should reconvene with the Court for a conference in order to set the remaining schedule in the case.

a. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare 2 for case dispositive motions and (3) prepare for trial:

**Plaintiff**

Plaintiffs will seek discovery on claims asserted in the case, which includes amounts paid to all putative class members, amount of reimbursement payments paid to putative class members, Defendants' payroll records and policies, costs incurred in completing their job duties for Defendants, and information relating to individual liability.

Plaintiff objects to the scope of discovery sought by Defendants, discussed below.

**Defendants**

Defendants maintain that discovery should begin after the Court's ruling on the pending motions to dismiss, the partial motion for summary judgment addressed above, and the decision of the Ohio Supreme Court on certified question from the Court in *Buddenberg.*

Thereafter, Defendants will seek discovery on the claims asserted in the case and its defenses, including Plaintiffs' and opt-in Plaintiffs' employment with Defendants, pay records, mileage driven, automobile information (including ownership and purchase information, tax information, vehicles driven, automobile costs, depreciation, gasoline costs, automobile parts, insurance, service and repair information, vehicle use information, other equipment necessary or used by drivers for drivers to complete their job duties), and mileage reimbursement.

Defendants believe that discovery should consist of: (1) interrogatories, demands for documents, and depositions for all named plaintiffs and a sampling of at least 20% of opt-in plaintiffs; and (2) questionnaires directed to all opt-in plaintiffs. *See, e.g. Durling v. Papa John's International* No. 16-3592 (S.D.N.Y. Nov. 27, 2018) (Order denying plaintiffs' motion to limit discovery and granting defendants' motion to depose up to 75 opt-in plaintiffs); *Smith v. Lowe's Home Centers, Inc.,* 236 F.R.D. 354, 357 (S.D.

5

Ohio 2006) (discovery permitted as to a statistically significant representative sampling, but acknowledging that some courts have permitted, if not required, individualized discovery addressed to all opt-in plaintiffs).

b.   What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitation of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

The parties disagree on the proper scope of class/collective discovery. If the Court believes it appropriate, the parties ask the Court for permission to submit 5-page letters to the Magistrate Judge and request that the Court schedule an in-person conference to resolve this dispute informally. The parties' positions on this issue are generally set forth below.

**Plaintiffs**

There are over 800 opt-ins in this case. Plaintiff objects to Defendants taking over 160 depositions of pizza delivery drivers, asking interrogatories and document requests to 160 drivers, and seeking questionnaires from all 800 opt-ins. Plaintiff proposes that 10% of opt in plaintiffs be required to respond to a questionnaire agreed upon by counsel prior to it being disseminated. After that information is exchanged, Plaintiffs recommend that the parties meet and confer to determine what, if any, additional information must be exchanged so that Defendants' can evaluate Plaintiffs' claims and their defenses. *See, e.g., Scott v. Bimbo Bakeries, USA, Inc.*, No. 10-cv-3154, 2012 WL 61517354 (E.D. Pa. Dec. 11, 2012) (permitting written discovery to 10% of collective members, and depositions of 20 of 650 collective action members); *Halleen v. Belk, Inc.*, No. 4:16-cv-55, 2017 WL 1495085 (E.D. Tex. Apr. 26, 2017) (permitting defendants to depose and take written discovery from 6.8% of the 363 opt in plaintiffs); *Lloyd v. JP Morgan Chase*, Nos. 11-cv-9305, 12-cv-2197, 2015 WL 1283681 (S.D.N.Y. Mar. 20, 2015)(limiting paper discovery to 10% of the collective and deposition discovery to 2% of collective); *Perrin v. Papa John's Intern., Inc.*, No. 4:09-cv-1335, 2014 WL 4749547 (E.D. Mo. Sept. 24, 2014) (rejecting defendants' motion to compel questionnaire responses from each opt in plaintiff and holding that the 20% already provided voluntarily by plaintiffs was sufficient pending a later showing of a need for more information); *Gagliastre v. Capt. George's*, No. 2:17-cv-379, Doc. 222 (E.D. Va. Nov. 15, 2018) (holding that 15% of opt ins were required to respond to written discovery, and less than 10% were required to appear for depositions, out of collective of 365).

6

**Defendants**

Defendants seek to depose the six named Plaintiffs in addition to a representative sample of at least 20% of opt-in Plaintiffs. *See, e.g., Wade v. Werner Trucking Co.,* No. 2:10-cv-270, 2014 WL 1091707 (S.D. Ohio Mar. 18, 2014) (permitting employer "to obtain discovery regarding each member of the entire class – both to determine if there is a class, and to determine if each proposed member is exempt"); *Smith v. Lowe's Home Ctrs., Inc.,* 236 F.R.D. 354 (S.D. Ohio 2006) (discovery permitted as to a statistically significant sample and allowing defendants the opportunity to request broader discovery after completing discovery of the representative sample); *see also Perrin v. Papa John's Int'l Inc.,* No. 4:09-cv-01335, 2014 Wl 4749547 (E.D. Mo. Sept. 24, 2014) (representative discovery of 20% of opt-ins in a delivery driver mileage reimbursement dispute); *Durling v. Papa John's International,* No. 16-3592 (S.D.N.Y. Nov. 27, 2018) (Doc 425) (Order denying plaintiffs  motion to limit discovery and granting defendants' motion to depose up to 75 opt-in plaintiffs).

Defendants also propose that all opt-ins be required to complete a basic questionnaire seeking information critical to the issues of liability and damages, including, but not limited to, the make and model of the vehicle, dates the vehicle was used, average miles driven, and service and repair expenses incurred, similar in form to the questionnaires that have been used in other "pizza cases." *Durling v. Papa Johns International* and *Sullivan v. PJ United,* Doc. No. 13-1275 (N.D.. Ala 2013).

c.  Additional recommended limitations on discovery:

No recommendations for additional changes to discovery.

d.  Recommended date for disclosure of lay witnesses:

To be determined.

e.  Describe the areas in which expert testimony is expected and indicate whether each expert has been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).

**Plaintiffs**

Plaintiffs believe expert testimony might be required on the issue of what amounts to a "reasonable approximation" of the expenses incurred by

delivery drivers when completing deliveries. However, it is also possible that no expert testimony will be necessary at all on this subject, depending on what the Court rules is the proper method of determining minimum wage compliance. *See, e.g., Brandenburg v. Cousin Vinny's Pizza*, No. 3:16-cv-516, 2018 WL 5800594, *4 (S.D. Ohio Nov. 6, 2018) (granting Rule 23 class certification and stating, "Because the vehicles owned by the delivery drivers are considered 'tools of the trade,' 29 C.F.R. § 531.35, and required by Cousin Vinny's as a condition of being hired as a delivery driver, there needed to be an adequate reimbursement rate, using either the IRS mileage rate or actual reimbursement of cost, in order to avoid a decrease in the minimum wage and overtime paid."). For that reason, Plaintiffs recommend that the Court address the parties' cross motions before ordering expert discovery.

Plaintiffs also believe expert testimony might be necessary to determine the number of miles driven by the delivery drivers while completing deliveries for Defendants. However, Plaintiffs' counsel believes they should be capable of coming up with a model that accurately reflect the miles driven without the need for an expert.

## Defendants

Defendants believe that expert discovery should be conducted and completed prior to the motion for class certification, as expert discovery may address liability, the suitability of class certification by identifying differences between and among putative class members, and damages. *See Durling v. Papa Johns International*, No. 16-3592 (S.D.N.Y. Feb. 12, 2019) (Doc 432) (Stipulation And Order For Expert Discovery Deadlines).

f.  Recommended date for making primary expert designations: See below.

## Plaintiff:

Plaintiff recommends that the deadlines for making primary expert designations, rebuttal expert designations, completing discovery, filing dispositive motions (other than the dispositive motion relating to the proper reimbursement methodology), and filing class certification motions be deferred until after the parties' contemplated cross motion for partial summary judgment is decided. After the motion is decided, the parties will request a status conference with the Court during which a schedule for the remainder of the case can be set.

## Defendant:

Defendants believe that expert discovery must be conducted and completed prior to the motion for class certification, as expert discovery likely will address liability, the suitability of class certification by identifying differences between and among putative class members, and damages.

g. Recommended date for making rebuttal expert designations:
   1. Plaintiff: See above
   2. Defendants: See above

h. The parties have electronically stored information in the following formats:

To be determined.

The case presents the following issues relating to disclosure or discovery of electronically store information, including the form or forms in which it should be produced:

**Plaintiffs**

Plaintiffs will request records from Defendants' computer database, including information relating to the deliveries completed by the drivers, the addresses where deliveries were completed, the time of those deliveries, and other details. Plaintiffs seek this information in native format, but will work with Defendants to allow the necessary information to be produced in the most efficient way possible. The parties will bring any disputes to the Court's attention if they cannot resolve them.

**Defendants**

Defendants maintain that the discovery of driver data and delivery information should be conducted on a sampling size commensurate with the sampling size established for the class and opt-in Plaintiffs. For example, if Plaintiffs demand full delivery data and reimbursement information for every opt-in Plaintiff, then every opt-in Plaintiff should be subject to full discovery. If Plaintiffs wish to limit full discovery to 10% of the opt-ins, then full reimbursement and delivery data should be produced with respect to 10% of the opt-ins.

Additionally, Defendants are prepared to discuss production of reimbursement and delivery data for a representative sample of the putative class who has not opted-in to date. This would achieve proportionality as required by the federal rules.

i. The case presents the following issues relating to claims of privilege or of

9

protection as trial preparation materials:

> N/A.

Have the parties agreed on a procedure to assert such claims AFTER production?

> X No

The parties anticipate submitting a proposed protective order, which would include a procedure relating to designation of documents as privileged and trial preparation material. Plaintiffs have made clear to Defendants that they will not agree to any protective order that characterizes payroll and delivery records as "confidential."

> ___ Yes

> ___ Yes, and the parties ask that the Court include their agreement in an order.

   j.  Recommended discovery cut-off date: To be determined following Rule 23 class certification motion.

7.  Recommended dispositive motion date:

> Plaintiff believes cross-motions for summary judgment should be filed by May 1, 2019.

> Defendants believe cross-motions motion for partial summary judgment should be filed thirty (30) days after Defendants responsive pleading is filed.

> Rule 23 class certification motion to be set at a later date.

8.  Recommended date for status conference (if any):

> Plaintiffs believe that a status conference should be set for after the Court rules on the parties' contemplated cross motions for summary judgment.

> Defendants request the Court to schedule an interim status conference after the Court rules on the pending motions to dismiss and Defendants answer the Complaint.

9.  Suggestions as to type and timing of efforts at Alternative Dispute Resolution.

See below.

10. Recommended date for final pretrial conference:

To be determined following Rule 23 class certification motion and dispositive motions.

11. Has a settlement demand been made? <u>Yes</u>  A response<u>? Yes. The parties have attended two mediations and will continue to discuss settlement as appropriate as discovery progresses</u>.

Date by which a settlement demand can be made: N/A
Date by which a response can be made: N/A

12. Other matters pertinent to scheduling or management of this litigation:

**Plaintiff**

As discussed above, Plaintiffs assert the most efficient course is for the Court to set a briefing schedule on the parties' motions for partial summary judgment on the proper measure of minimum wage compliance in the pizza delivery driver context. Plaintiffs believe the Court should determine this question as a matter of law, because the Court's determination will dictate whether expert discovery and certain other aspects of fact discovery will be necessary at all.

Plaintiffs propose the parties file cross motions for summary judgment on this issue by May 1, 2019. Plaintiffs request that oppositions be filed within 21 days of Plaintiffs' motion, and replies be filed within 14 days of Defendants' opposition.

**Defendant**

Defendants believe that the issue of what evidence is required for the plaintiffs to carry their burden proof, including the applicability of the IRS rate in the context of the FLSA's minimum wage requirements should be briefed by way of cross-motion. Defendants maintain that the IRS rate is not required.  Since both sides intend to brief this issue, rather than having six (6) briefs (a full set for each motion), Defendants propose that judicial efficiency warrants that briefing by cross-motion:

- Plaintiffs and Defendants simultaneously file cross-motions for partial summary judgment no later than thirty (30) days following Defendants answer.
- Plaintiffs and Defendants simultaneously file opposition to cross-motions within thirty (30) days from filing.

- Reply briefs only by mutual consent or by leave of court.

**Additional Matters**

Defendants believe it pertinent to alert the Court of the certification of a question of law to the Ohio Supreme Court in *Buddenberg v. Weisdack*, et al., Case No. 1:18-cv-00522, 2018 WL 3949557 (N.D. Ohio Aug. 17, 2018). One of the questions certified in *Buddenberg* is whether O.R.C. § 2307.60's creation of a civil cause of action for injuries based on a "criminal act" requires an underlying criminal conviction. One of Plaintiffs' claims here is pursuant to O.R.C. § 2307.60, and thus, the Ohio Supreme Court's decision in *Buddenberg* will have a direct impact on this action.

Plaintiffs believe that, while the Ohio Supreme Court's ruling on this issue will obviously affect this case, it will affect only one single count (count 4), and will have no impact on the primary claims asserted by Plaintiffs in this action: FLSA claims, Ohio wage law claims, North Carolina wage law claims, and Nevada wage law claims.

Respectfully submitted,

By: /s/Andrew Kimble

Andrew R. Biller (0081452)
Biller & Kimble, LLC
Of Counsel to Markovits, Stock & DeMarco, LLC
4200 Regent Street, Suite 200
Columbus, OH 43219
Telephone: (614) 604-8759
Facsimile: (614) 340-4620
*abiller@billerkimble.com*

Andrew P. Kimble (0093172)
Philip J. Krzeski (0095713)
Biller & Kimble, LLC
Of Counsel to Markovits, Stock & DeMarco, LLC
3825 Edwards Road, Suite 650
Cincinnati, OH 45209
Telephone: (513) 715-8711
Facsimile: (614) 340-4620

By: /s/Kathie Caminiti

Kathleen McLeod Caminiti
(admitted *pro hac vice*)
**Fisher & Phillips LLP**
Mountain Ave., Suite 303
Murray Hill, NJ 07974
Telephone: (908) 516-1062
Fax: (908) 516-1101
Email: kcaminit@fisherphillips.com

Mathew A. Parker (0093231)
**Fisher & Phillips LLP**
250 West Street, Suite 400
Columbus, Ohio 43215
Telephone: (614) 221-1425
Fax: (614) 221-1409
Email: mparker@fisherphillips.com

*Counsel for Defendants*

*akimble@billerkimble.com*
*pkrzeski@billerkimble.com*
www.billerkimble.com

**WEINHAUS & POTASHNICK**
Mark Potashnick
(admitted *pro hac vice*)
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150
Facsimile: (314) 997-9170
markp@wp-attorneys.com

*Counsel for Plaintiffs and the putative class*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was filed electronically. Notice of the filing will be sent by operation of the Court's ECF system to all parties indicated on the filing receipt.


*/s/ Andrew Kimble*
Andrew Kimble