# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**Tammy Hatmaker, et al.,**

    *Plaintiffs,*

v.

    Case No. 3:17-cv-146
    Judge Thomas M. Rose

**PJ Ohio, LLC, et al.,**

    *Defendants.*

---

**ENTRY AND ORDER DENYING DEFENDANTS' MOTION TO AMEND AND CERTIFY FOR INTERLOCUTORY APPEAL OF THE COURT'S ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND DENYING DEFENDANTS' CROSS-MOTION. ECF 125.**

---

Defendants have moved the Court, to amend its November 5, 2019 Entry and Order, ECF 124, Granting Plaintiffs' Motion for Partial Summary Judgment, ECF 116; and Denying Defendants' Cross-Motion, ECF 117 to include the necessary certification language for Defendants to pursue an interlocutory appeal. ECF 125. Defendants have also moved for an order staying the trial court proceedings during the pendency of the interlocutory appeal. Id.

Fed. R. App. P. 5(a)(3) permits a party to request a district court to amend an order so it qualifies under 28 U.S.C. § 1292(b). Section 1292(b) provides for interlocutory appeals in limited situations. "Review under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); see also, e.g., *Hawes*, 2019 WL 1492237, at *1 (allowing interlocutory appeal is "generally disfavored and should be applied sparingly"); *Arab Am. Civ. Rights League v. Trump*, No. 17-10310, 2019 WL 5684371, at *2

(E.D. Mich. Nov. 1, 2019) ("interlocutory appeal 'exists only for exceptional situations in which an immediate appeal may prevent protracted litigation'") (quoting *Durant v. Servicemaster Co.*, 147 F.Supp.2d 744, 752 (E.D. Mich. 2001)).

In order to show the need for an interlocutory appeal, a party must demonstrate that the following requirements are met: (1) the order involves a controlling question of law to which there is (2) substantial ground for difference of opinion and (3) an immediate appeal may materially advance the termination of the litigation. *Geary v. Green Tree Servicing LLC*, No. 2:14-cv-522, 2018 WL 7360570, at *1 (S.D. Ohio Oct. 11, 2018).

The Court notes that Defendants now wish to argue that the Court did not determine whether the regulation at issue is ambiguous, as required by *Kisor v. Wilke*, No. 18-15, ____ U. S. ____, 124 S. Ct. 2400 (June 26, 2019). The Court did make this finding. See ECF 124, Page ID 1939. It makes it again now. Moreover, failure to address an issue constitutes a waiver or abandonment of the argument. *Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Motions for reconsideration "are aimed at re-consideration, not initial consideration." Id.; *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration."). Far from advancing this argument, Defendants decried that the Department of Labor is capable of drafting regulations that are not ambiguous, that DOL "is perfectly capable of including precise and even elaborate payment requirements in its wage regulations." ECF 117, PageID 1735.

More importantly, the Court finds that an interlocutory appeal would not materially advance the termination of the litigation. Quite the opposite, an appeal would stay an action that is well on its way to resolution.

Finally, the Court notes that public policy is served by denying Defendants' motion. Plaintiffs state a claim under state law. Ohio's minimum wage law states that the payment of damages to a successful plaintiff "shall not be stayed pending any appeal." Ohio Const. art II § 34a. Thus, once a worker receives a judgment, an employer can appeal, but the employer may not withhold payment pending the appeal. Defendants' attempt to appeal interlocutorily would thwart this state policy.

Thus, because an interlocutory appeal would not materially advance the termination of the litigation, Defendants' Motion to Amend and Certify for Interlocutory Appeal of the Court's Order Granting Plaintiffs' Motion for Partial Summary Judgment and Denying Defendants' Cross-Motion, ECF 125, is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, December 23, 2019.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE