UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Tammy Hatmaker, et al.,**

    *Plaintiffs,*

**v.**                                                    Case No. 3:17-cv-146
                                                                 Judge Thomas M. Rose

**PJ Ohio, LLC, et al.,**

    *Defendants.*

---

**ENTRY AND ORDER DENYING DEFENDANTS' CROSS-MOTION FOR A PROTECTIVE ORDER, ECF 146, GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF INDIVIDUAL DEFENDANTS' EMAILS, ECF 145, AND GRANTING PLAINTIFFS' SECOND MOTION FOR A PROTECTIVE ORDER. ECF 152.  PRELIMINARY PRETRIAL CONFERENCE WILL BE SET BY SEPARATE ENTRY.**

---

Discovery prior to Class Certification must be sufficient to permit the Court to determine whether the requirements of Federal Rule of Civil Procedure 23 are satisfied, including a sufficient inquiry into the merits of the case to ensure appropriate management of the case as a Class Action.  Once class certification is decided, the Court will schedule an additional conference with the parties to address entering a new discovery order, addressing any additional merits discovery needed as necessary.

Pending before the Court are Plaintiffs' Motion to Compel Production of Individual Defendants' Emails, ECF 145, Defendants' Cross-Motion for a Protective Order, ECF 146, and Plaintiffs' Second Motion for a Protective Order. ECF 152.

Plaintiffs' Motion to Compel Production of Individual Defendants' Emails, ECF 145, would have the Court compel production of emails of Defendant Doug Pak, co-CEO of Defendant BLD Brands, LLC and CEO of Defendant Serazen, LLC, and Defendant Darcie Mangus, COO of Defendant Serazen, LLC, sent to or from the Defendant Entities.  Defendants Motion for Protective Order, ECF 146, conversely, would have the Court limit discovery of these emails.  Defendants decry that this entails over 22,000 emails from their company account, some with attachments.  Because it is Defendants' position that Pak and Mangus are not liable under the FLSA, the emails are relevant to prove that the individual defendants had sufficient operational control to violate wage and hour laws.  Alternatively, Defendants would have the discovery request limited to search terms.  Neither party has proposed search terms that would find emails from the CEOs' corporate emails in the corporate network that would show operational control.  Given the broad nature of the standard Plaintiffs seek to meet, this is understandable.  Plaintiffs' motion to Compel is **GRANTED**.  Defendants' motion is **DENIED**.

Plaintiffs' Second Motion for a Protective Order seeks "to prohibit Defendants from deposing Plaintiffs on irrelevant topics." ECF 152, PageID 2917.  Plaintiffs reason that Defendants have not pointed to any relevant topic of inquiry for their proposed depositions, and therefore the Court should prohibit Defendants from deposing Plaintiffs.

Defendants demand to depose Plaintiffs on topics "like vehicle expense history, employment history, etc." See ECF 152-4, Caminiti Letter, July 21, 2020.  The Court already held that "Defendants are prohibited from propounding discovery related to the delivery drivers' individual vehicle expenses or whether Defendants 'reasonably approximated' those expenses."

2

ECF 135 at PageID 2421.   Defendants have not identified relevant topics upon which to depose Plaintiffs.   Plaintiffs' motion will thus be granted.

Defendants bring supplemental authority to the Court's attention. ECF 162.   There, the Court notes: "Employers are…required to keep records that they used to determine the amount of additions to or deductions from wages paid." 29 C.F.R. §516.6(c)(2), PageID 3154.   All discovery of this information can be had from Defendants.   "Section 516.6(c)(2) does not purport to require that employers keep records of each employee's expenses, but rather the methodology used to arrive at the additions or deductions from wages paid." *Sullivan v. PJ United, Inc*, 362 F. Supp. 3d 1139, 1151 (N.D. Ala. 2018); PageID 3155.   Again, discovery of this information can be had from Defendants.   Defendants are not required to use the IRS rate; they are required to keep records of the method they did use.   If Defendants have kept none of this, Plaintiffs may use the IRS rate to prove damages.   Discovery of miles entailed can be had from Defendants.

Defendants' attempt to re-litigate issues that have already been decided wastes the Court's limited resources, causes unnecessary delay, needlessly increases the cost of litigation for Plaintiffs, and may lead to sanctions if Defendants persist in making arguments that have already been rejected by the Court. See Fed. R. Civ. P. 11(b).

**Conclusion**

The Court **GRANTS** Plaintiffs' Motion to Compel Production of Individual Defendants' Emails, ECF 145, **DENIES** Defendants' Cross-Motion for a Protective Order, ECF 146, and **GRANTS** Plaintiffs' Second Motion for a Protective Order. ECF 152.   Defendants are

**PROHIBITED** from deposing Plaintiffs unless they should first identify to the Court relevant topics.

    The Court additionally **ORDERS**:

        Cut-off date for filing any motion to amend the pleadings or to add additional parties: February 1, 2021.

        Expert witnesses for Class Certification, if any, shall be disclosed, along with a written report prepared and signed by the witness pursuant to Federal Rule of Civil Procedure 26(a)(2), as follows:

        Plaintiff(s) expert(s): January 15, 2021
        Defendant(s) expert(s): February 15, 2021

        Depositions of Class Certification expert witnesses must be taken by:

        Plaintiff(s) expert(s): March 1, 2021
        Defendant(s) experts(s): April 1, 2021

        Plaintiff(s) Motion for Class Certification and Memorandum in Support shall be filed by May 1, 2021 and shall not exceed 20 pages.

        Defendant(s) Memorandum in Opposition to Class Certification shall be filed by May 20, 2021 and shall not exceed 20 pages.

        Plaintiff(s) Reply Memorandum, if any, must be filed by May 30, 2021 and shall not exceed 10 pages.

    The Class Certification hearing, if any, will be set by separate notice.

    The instant case is **REFERRED** to Magistrate Judge Michael R. Merz until class certification discovery is complete. The parties are reminded that, prior to filing any motions concerning discovery, they are first directed to meet and confer relating to any discovery disputes and then contact the Court to arrange a telephone discovery dispute conference. If the dispute cannot be resolved in the first conference, the Court will establish, with the input of the

parties, the mechanism for submitting written positions to the Court on an expedited basis.

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, September 28, 2020.

                                                  s/Thomas M. Rose

                                          THOMAS M. ROSE
                                UNITED STATES DISTRICT JUDGE