**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | |
|---|---|
| TAMMY HATMAKER, et al., | Case No. 3:17-cv-00146 |
| Plaintiffs, | District Judge Thomas M. Rose |
| vs. | Magistrate Judge Sharon L. Ovington |
| PAPA JOHN'S OHIO LLC, et al., | |
| Defendants. | |

## REPORT AND RECOMMENDATIONS[1]

### I.  Introduction

Previously in this Fair Labor Standards Act (FSLA) case, the Court denied Defendants' Motion to Dismiss (Doc. No. 112), granted Plaintiffs' Motion for Partial Summary Judgment (Doc. No. 124), and denied Defendants' Cross Motion for Summary Judgment, *id*. Plaintiffs' successful Motion was a discrete victory on an issue of law. Specifically, U.S. District Judge Rose found that under the FSLA, "the proper measure of minimum wage compliance for pizza delivery drivers is to either (1) track and pay delivery drivers' actual expenses or (2) pay the mileage reimbursement rate set by the Internal Revenue Service." (Doc. No. 124, PageID 1947).

The case is now pending upon Plaintiffs' Motion for Prejudgment Attachment of Defendants' Real Property and Assets (Doc. No. 167), Defendants' Memorandum in

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Opposition and Request for a Hearing Pursuant to O.R.C. § 2715.04 (Doc. No. 168), and Plaintiffs' Reply (Doc. No. 169).

The parties describe their current circumstances in strategic terms. Plaintiffs maintain that they seek prejudgment attachment because Defendants have recently taken on a large financial burden by taking out a $30 million loan from PNC Bank. According to Plaintiffs, after Defendants' Motion to Dismiss fell short, Defendants promptly defaulted on the loan from PNC Bank. While Plaintiffs acknowledge that Defendants may have acted for legitimate reasons, they are concerned that "Defendants may further dissipate or encumber assets that could be used to pay a judgment in this case." (Doc. No. 169, PageID 3346).

Defendants maintain that Plaintiffs seek prejudgment attachment in an attempt to increase their leverage for settlement negotiations. Defendants further contend that Plaintiffs "ask the Court to effectively put [Defendant] PJ Ohio, LLC, and the twenty-six stores that it operates, out of business for the duration of this litigation." (Doc. No. 168, PageID 3238).

## II.    Prejudgment Attachment in Ohio

"At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court it is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies." Fed. R. Civ. P. 64(a). The parties do not point to a federal statute that governs their present attachment dispute, and research does not reveal one. Consequently, Ohio prejudgment-attachment law applies. *See Data Processing Sciences*

2

*Corp. v. Lumenate Technologies, LP,* No. 1:16cv295, 2016 WL 3144117, at *2 (S.D. Ohio 2016) (Black, J).

"Ohio permits attachment against a defendant's property 'in a civil action for the recovery of money, at or after its commencement,' upon any of the grounds specified in O.R.C. § 2715.01." *Forefront Machining Techs., Inc. v. SARIX SA*, No. 3:19cv383, 2020 WL 804858, at *3 (S.D. Ohio 2020) (Rose, J.) (citation omitted). Of the many specified statutory grounds for attachment, the only one at issue in the instant case is "[t]hat the claim is for work or labor." § 2715.01(A)(11).

Prejudgment attachment under Ohio law also requires a plaintiff to establish probable cause that it is likely he or she will obtain a judgment against the defendant. *See* § 2715.011(A); *Miller v. Food Concepts International, LP*, No. 2:13cv124-27, 2:13cv129-34, 2015 WL 12672728, at *2 (S.D. Ohio 2015) (Marbley, J); *Williamson v. Recovery Limited P'ship*, No. 2:06cv292, 2012 WL 13118448, at *5 (S.D. Ohio 2012) (Sargus, J).

Plaintiffs carry the burden to establish by a preponderance of the evidence that prejudgment attachment is warranted. *Forefront Machining Techs.*, 2020 WL 804858, at *5; *Data Processing Sciences Corp.,* 2016 WL 3144117, at *2 (citing *Heald v. Coebel*, 96 N.E.2d 208, 212 (Ohio App. 1950)); *Swartz,* 2014 WL 1493352, at *2. To meet this burden, the plaintiffs or their attorneys must support their motion for prejudgment attachment with an affidavit describing

> the nature and amount of the plaintiff's claim, the facts supporting attachment, a description of the property sought and its approximate value, if known, the location of the property, the use to which the defendant has put the property, if known, a representation that the property is not exempt from

3

>attachment or execution, and the name of any third person possessing the property.

*HMV Properties, LLC v. IDC Ohio Holdings, LLC*, 2:08cv895, 2010 WL 547484, at *1 (S.D. Ohio 2010) (King, M.J.) (citing Ohio Rev. Code § 2715.03); *see Forefront Machining Technologies*, 2020 WL 804858, at *4.

Ohio law further calls upon a plaintiff seeking prejudgment attachment to file a bond with the clerk of court for twice the amount of the assets to be attached, or twice the amount of his or her claim. *See Miller v. Food Concepts International, LP*, 2015 WL 12672728, at *2 (S.D. Ohio 2015) (Marbley, J.); Ohio Rev. Code § 2715.044. A plaintiff's indigence may temper this bond requirement—specifically, Ohio attachment law "provides … that '[i]f the plaintiff is indigent, the court may, on motion of the plaintiff or on its own motion, waive the bond required by this section or may set the bond in a lower amount, as fairness requires.'" *Miller*, 2015 WL 12672728, at *2 (quoting Ohio Rev. Code § 2715.044).

Ohio attachment law "[e]xcept[s] foreign corporations which by compliance with the law therefore are exempted from attachment …." § 2715.01(A)(1); *see* Ohio Rev. Code § 1703.20.

**III.   Sworn Declaration**

In support of their Motion for Prejudgment Attachment, Plaintiffs submit the sworn declaration of one of their attorneys, Andrew Kimble, who states:

>4.   Plaintiffs are pizza delivery drivers who allege they were systematically under-reimbursed for mileage expenses and underpaid for hours worked in a non-tipped capacity.
>
>5.   Plaintiffs have made a claim for "work or labor" pursuant to O.R.C.

4

> § 2715.01(A)(1) [sic: referring to (A)(11)][2] because their work was physical and not professional in nature.
>
> 6. Plaintiffs believe Defendants are in possession of substantial additional assets that could be used to satisfy a judgment against them.
>
> 7. Plaintiffs seek attachment to Defendants' real property, cash on hand, computers, laptops, televisions, appliances, furniture, vehicles, tools, equipment, and other materials, as well as income other than personal earnings from the stores owned by Defendant, PJ Ohio LLC ….

(Doc. No. 167-1, PageID 3233) (footnote added). Attorney Kimble lists 26 addresses where this property is located in the Dayton, Ohio region, and he states that, to the best of his knowledge, none of the property he describes is exempt from attachment. *Id*. at 3233-34. And, "based upon [Attorney Kimble's] experience in similar cases and valuation of similar claims, [he] currently approximates the value of Plaintiffs' claims against Defendants at over $10,000,000.00." *Id*. at 3234.

Attorney Kimble lastly reports, "Plaintiffs have not posted bond pursuant to O.R.C. § 2715.044 because they are unable to deposit with the clerk cash in an amount equal to twice the approximate value of the property. As such, Plaintiffs request that the Court waive bond in the interest of fairness." *Id*.

**IV. Discussion**

Defendants oppose prejudgment attachment on five grounds: (1) Plaintiffs cannot show that their claim is for "work or labor" under § 2715.01(A)(11); (2) Plaintiffs' Motion is conclusory and sets forth no facts demonstrating probable cause to support it; (3) Plaintiffs' acknowledgement that they are unwilling to furnish a bond renders their Motion

---

[2] *See* Doc. No. 167, PageID 3223.

futile since an attachment order cannot become effective without a bond; (4) there is no evidence whatsoever that Defendant PJ Ohio, LLC would abscond in the event a judgment is issued against them in this case; and (5) Defendant PJ Ohio, LLC is a foreign business entity registered with the Ohio Secretary of State and is therefore exempt from prejudgment attachment.

### A.     Claims for "work or labor"

Plaintiffs argue that the activities in which they engaged as pizza-delivery drivers for Defendants primarily constituted "work or labor" because the activities were physical and did not involve the professional-judgment type roles excluded by Ohio courts.

Under Ohio's prejudgment-attachment statute, "'The term 'work' embraces the services rendered by the laborer, operative, and artisan in the production of wealth as distinguished from those whose exertion is primarily and almost entirely mental.'" *Corbett v. Moderalli*, No. 77 C.A. 123, 1978 WL 214903, at *1 (Ohio App. 1978) (citation omitted).

The tasks Plaintiffs performed as pizza-delivery drivers constituted "work" within the meaning of § 2715.01(A)(11). In their Third Amended Complaint, Plaintiffs describe their work:

> 160. All delivery drivers employed at the Papa John's Pizza restaurants over the last three years have had essentially the same job primary duty: deliver pizza and other food items to Defendants' customers.
>
> 161. When there are no deliveries to make, Defendants' delivery drivers are required to work inside the Papa John's Pizza restaurants assembling pizza boxes, making pizzas, cleaning, preparing food items, taking orders, and completing other duties inside the restaurant as necessary.

6

(Doc. No. 84, PageID 1459). In light of these mostly physical activities performed by Plaintiffs as pizza-delivery drivers for Defendants, Plaintiffs performed "work" within the meaning of Ohio's prejudgment attachment statute, § 2715.01(A)(11). *See Corbett*, 1978 WL 214903, at *1 (Ohio App. 7 Dist.,1978) ("'in a legal sense the term [work] is understood in the popular sense which refers solely to bodily labor or that in which such labor is the principal ingredient ….'"); *Enable Healthcare, Inc. v. Cleveland Quality Healthnet, LLC*, No.1:16CV2395, 2016 WL 6821980, at *3 (N.D. Ohio 2016) (same) *Gagliardi v. Pirrone*, 7 Ohio Law Abs. 219, 1929 WL 2782, at *1 (Ohio App. 1929) ("Without citing any authorities but keeping in mind the legislative intent, it is quite clear that what the legislature intended was to protect those engaged in manual labor by allowing an attachment in favor of the laboring man so as to make effective a judgment rendered in his favor."). Plaintiffs, moreover, did not engage in professional activities comparable to work done by attorneys, physicians, or other professionals that would exclude them from "work" under § 2715.01(A)(11). *See Papouras v. The M. J. Kelley Company*, No. 35145, 1976 WL 191093, at *1 (Ohio App. 1976) ("it is now firmly established that the word 'work' as used in that provision does not include the rendering of services by a professional such as an attorney or a physician, whose services are primarily mental and involve the exercise of professional judgment.").

Defendants contend that prejudgment attachment is warranted under § 2715.01(A)(11) only for claims that are entirely for work or labor, or "[p]ut differently, the inclusion of a claim for something *other than work* prevents attachment." (Doc. No. 168, PageID 3241). Defendants assert that Plaintiffs' attempt to recover their non-reimbursed

7

or under-reimbursed expenses—something other than work—places their claims outside § 2715.01(A)(11).

The issue, then, is whether Plaintiffs' claims are for "work or labor" as § 2715.01(A)(11) requires reimbursement of unpaid or under-paid vehicle expenses that fall outside this statute.

The answer begins with recognizing the legal basis—the FLSA's overtime-pay and minimum-wage mandates—of Plaintiffs' federal claims.[3] Plaintiffs assert, "Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage and denies them overtime compensation." *Id*. at 1484. Plaintiffs do not claim the FLSA provides them with relief just because Defendants did not fully or adequately reimburse them for their delivery-driver expenses. The FSLA violation they claim occurred only when the under- or non-reimbursed delivery expenses cut into their wages to the point they earned less than the FLSA-mandated minimum wage. *See id*. at 1935-37. In other words, the FLSA would provide no relief if Plaintiffs had claimed that Defendants paid them an hourly wage that when reduced by their delivery-driver expenses remained at or above the FLSA's mandatory minimum wage.

Judge Rose's explanation also points the way forward. He wrote, "The DOL regulations require that the minimum wage be paid 'finally and unconditionally' or 'free and clear.'" (Doc. No. 124, PageID 1936 (quoting *Stein v. hhgregg, Inc*., 873 F.3d 523,

---
[3]Plaintiffs raise similar claims under Ohio and Nevada law.

530 (6th Cir. 2017)). He recognized that Plaintiffs' claims arise under the FLSA's anti-kickback regulation, which "prohibits any arrangement that 'tend[s] to shift part of the Employer's business expense to the employees . . . to the extent that it reduce[s] an employee's wage below the statutory minimum.'" (Doc. No. 124, PageID 1936 (citation omitted)). Because the FSLA's anti-kickback provision and minimum-wage requirement provide the legal basis for Plaintiffs' claims, Defendants' focus on the reimbursements Plaintiffs did or did not receive mischaracterizes the substance of Plaintiffs' FSLA claims and fails to reveal their claims are for something other than work.

Defendants argue that under Ohio prejudgment-attachment law, "the inclusion of a claim for something *other than work* prevents attachment." (Doc. No. 168, PageID 3241). They offer several cases in support this argument. Two of Defendants' cases—*Cecrle v. W.H. Jeffries*, 12 Ohio Misc. 25, 28 (Montgomery C.P. 1967) and *Westside Motor Co. v. Politz Bros.*, 27 Ohio App. 116, 118 (1st App. Dist. 1927), involved claims for work or labor performed in repairing vehicle and for parts or materials necessary to effect the repairs. In each case, Ohio prejudgment-attachment law did not apply. *Cecrle* explained, "'Attachment based on single claim for work, labor, material and repairs on automobile, should be discharged since the Code provides for the right of attachment only on a claim for work and labor, which cannot be enlarged upon by the courts.'" (quoting *Westside Motor*, 27 Ohio App. at 118). Unlike in those cases, Plaintiffs are not attempting to expand Ohio's prejudgment-attachment statute by seeking money due for vehicle-repair work or labor plus the parts or materials needed to accomplish those repairs. Instead, Plaintiffs' FLSA claims seek to recover for Defendants' alleged minimum and overtime pay

9

violations for work they performed as pizza-delivery drivers. Plaintiffs' FLSA claims do not expand Ohio's prejudgment-attachment statute for work or labor because they do not claim they are entitled to recover for the work they performed that entitled them to minimum wages or overtime pay *plus* unpaid or underpaid reimbursements.

Defendants also rely on the following passage in *N. Ohio Printing Co. v. Invest. Serv. Inc.*, 8 Ohio Law Abs. 475, 1930 WL 2867 (9th Dist. 1930): "if the claim is partially for work and partially for materials, there can be no attachment except upon some ground other than that it is a claim for work." Again, however, Plaintiffs are not attempting to recover the cost and value of their vehicle expenses; they are attempting to recover for the work that entitled them to minimum wages and overtime pay under the FLSA.

## B. <u>Probable Cause</u>

"Plaintiffs have the burden of proving they were not paid the applicable minimum wage. An 'FLSA plaintiff must prove by a preponderance of the evidence that he or she performed work for which he or she was not properly compensated.'" (Doc. No. 124, PageID 1940) (quoting *O'Brien v. Ed Donnelly Enters., Inc*., 575 F.3d 567, 602 (6th Cir. 2009)).

Plaintiffs contend that they do not need to meet their burden to prove their FLSA claims with specificity to obtain prejudgment attachment. This is correct. Rather than requiring proof of the ultimate merits of Plaintiffs' FLSA claims, Ohio prejudgment-attachment law focuses on probable cause, meaning the likelihood that Plaintiffs' FSLA claims will prevail:

"Probable cause to support the motion" means that it is *likely* that a plaintiff

10

> who files a motion for attachment pursuant to section 2715.03 of the Revised Code will obtain judgment against the defendant against whom the motion was filed that entitles the plaintiff to a money judgment that can be satisfied out of the property that is the subject of the motion.

§ 2715.011(A) (emphasis added).  "Because R.C. 2715.01 *et seq*. deals with prejudgment attachments, it would be inappropriate to require a plaintiff to prove the grounds under R.C. 2715.01 upon which he seeks attachment.  An affidavit stating that the ground for attachment is R.C. 2715.01(K) [currently § 2715.03] is sufficient."  *Central Nat. Bank v. Broadview Sav. and Loan Co.*, 64 Ohio App.2d 133, 138 (1979).

Plaintiffs contend that they are likely to obtain a judgment against Defendants on their FLSA claims because Defendants have admitted in their responses to Plaintiffs' Requests for Admissions that they did not keep records of their delivery drivers' actual expenses and their delivery drivers were not reimbursed at the IRS rate.  Defendants counter that their discovery responses do not contain the admissions Plaintiffs describe.  Defendants maintain that their "responses actually demonstrate that Defendants utilized a reimbursement rate methodology that was designed to reimburse all of the automobile expenses incurred by delivery drivers."  (Doc. No. 168, PageID 3245 (emphasis and citation omitted)).

Plaintiffs' reliance on Defendants' responses to the Requests for Admission do not show probable cause because they did not support their Motion or Reply with copies of Defendants' Responses to the Requests for Admission.  Without the actual Responses, it is not possible to compare what Plaintiffs read as admissions to what Defendants read as non-admissions.

Plaintiffs also quote Judge Rose's Entry and Order, asserting that he made the following factual findings:

> Defendants never attempted to calculate how much money delivery drivers were paying out of pocket and did not require delivery drivers to record or report expenditures for the automobiles, gasoline or other job-related expenses. Doc. 2-1, ¶¶ 14-15, Doc. 2-2, ¶¶ 14-16, Doc. 2-3, ¶¶15-16. Defendants have neither tracked and paid for their delivery drivers' actual expenses, nor reimbursed their drivers at the IRS rate.

(Doc. No. 167, PageID 3224 (quoting Doc. 124, PageID 1934)). Plaintiffs, however, incorrectly read this quoted language as Judge Rose's conclusive factual findings. Rather, it is merely background information. This language appears in the Background section of Judge Rose's Entry and Order. The citations within the quotation are from sworn Declarations attached to Plaintiffs' Motion to Conditionally Certify an FLSA Collective Action. (Doc. No. 2). Judge Rose did not indicate that the Declarations conclusively established as true the facts he mentioned, and he did not discuss whether the Declarations demonstrated an absence of genuinely disputed facts. Such findings were not needed because the parties' then-pending Motions, as Judge Rose explained, "ask[ed] the Court to define the law that will govern the determination of whether Defendants are liable on Plaintiffs' federal and state minimum wage claims." (Doc. No. 124, PageID 1933). Any lingering doubt about whether the Entry and Order found facts with finality is eliminated by Judge Rose's subsequent discovery Order, which explained:

> An employer's own records will answer the question of whether the employer complied with minimum wage laws. Thus, the case can be resolved "at relatively low litigation cost" by examining those records. Doc. 124, PageID 1944. *The first question is whether Defendants tracked and reimbursed the delivery drivers' actual expenses.* Only Defendants can answer this question. If Defendants did track and reimburse the drivers'

12

> actual expenses, then Defendants will have records to demonstrate their compliance. If Defendants did not track and reimburse actual vehicle expenses, then Defendants' records will show whether Defendants reimbursed the drivers at the IRS standard business mileage rate. To determine this, Plaintiffs can seek from Defendants records of any reimbursements Defendants paid; and delivery records, which will show, or can be used to determine, the miles the drivers drove.

(Doc. No. 135, PageID 2417) (emphasis added). Because Judge Rose recognized these ongoing issues, Plaintiffs' incorrectly see conclusively factual findings where none presently exist. And, lastly, the Declaration of Plaintiffs' attorney does not assert or explain that that they are likely to succeed in proving their FLSA claims. (Doc. No. 167-1, PageID 3232-35).

Accordingly, Plaintiffs have not demonstrated that probable cause supports their Motion for Prejudgment Attachment.

### C. Remaining Issues

Defendants contend that Plaintiffs' Motion for Prejudgment Attachment is futile because an attachment order cannot become effective unless Plaintiffs furnish a bound and Plaintiffs acknowledge that they are unwilling to furnish a bond. This contention lacks merit.

Ohio statutory law instructs, "In lieu of the bond, the plaintiff may deposit with the clerk of the court cash in an amount equal to twice the approximate value of the property or, if that value is not known or the identity of the property to be attached is not known, equal to twice the amount of the claim of the plaintiff." *Miller*, 2015 WL 12672728, at *2 (quoting Ohio Rev. Code § 2715.044; footnote omitted). "The statute also provides, however, that '[i]f the plaintiff is indigent, the court may, on motion of the plaintiff or on

13

its own motion, waive the bond required by this section or may set the bond in a lower amount, as fairness requires.'" *Id*. (quoting § 2715.044). If, in the future, Plaintiffs establish all the elements needed for prejudgment attachment and that they are indigent—perhaps a likelihood, given their minimum-wage jobs—they should be permitted to furnish a bond in a fair amount that is less than the presently asserted $10,000,000.00 value of their claims. *See* Doc #167-1, PageID 3234 (Kimble's Declaration).

Defendants contend that prejudgment attachment is unwarranted because there is no evidence whatsoever that Defendant PJ Ohio, LLC would abscond in the event a judgment is issued against them in this case. Plaintiffs, however, are concerned that Defendants are attempting to shield their assets by recently securing a $30 million PNC Bank loan, then defaulting on the loan after their Motion to Dismiss was denied in this case.

Plaintiffs are reasonably concerned that this $30 million debt may shield a large amount of Defendants' funds from attack if a judgment issues against them in this case. But Defendants have many other assets, according to Plaintiffs, that may be used to satisfy a future judgment, if one issues against Defendants. These assets include, "Defendants' real property, cash on hand, computers, laptops, televisions, appliances, furniture, vehicles, tools, equipment, and other materials." (Doc. No. 167-1, PageID 3233). And, presumably, Defendants own or possess most (if not all) of these assets at the 26 business addresses Plaintiffs have identified. *See id*. at 3233-34. Additionally, Defendants cogently explain, "PJ Ohio, LLC's franchise agreement with Papa John's International, Inc. requires that it operate in a specific geographic region in the State of Ohio. In addition to the sheer impracticability of relocating the fixtures and equipment to another state, PJ Ohio, LLC

14

would not be authorized to operate a Papa John's franchise in another jurisdiction." (Doc. No. 168, PageID 3253). In light of these circumstances, Defendants' assets in the Dayton, Ohio region reasonably assure that Defendants have sufficient resources to satisfy a future judgment, if any occurs in this case.

\* \* \* \*

Defendants lastly argue that Defendant PJ Ohio, LLC is exempt from prejudgment attachment because it is a foreign business entity registered with the Ohio Secretary of State.[4] To support this, Defendants read together Ohio Rev. Code § 2715.01(A)(1) and § 1703.20.

Section 2715.01(A) states:

An attachment against the property, other than personal earnings, of a defendant may be had in a civil action for the recovery of money, at or after its commencement, upon any one of the following grounds:

(1) Excepting foreign corporations which by compliance with the law therefore are exempted from attachment as such, that the defendant or one of several defendants is a foreign corporation ….

Plaintiffs contend that § 2715.01(A)(1) does not support Defendants' exemption argument because it proves one of eleven alternative grounds for attachment listed in § 2715.01(A). Plaintiffs correctly read § 2715.01(A) as providing eleven alternative statutory grounds to support prejudgment attachment. Plaintiffs, moreover, do not rely on § 2715.01(A)(1) to establish a basis for prejudgment attachment. They proceed only under

---

[4]Plaintiffs allege in their Third Amended Complaint that Defendant PJ Ohio, LLC is a foreign limited liability company, incorporated in Delaware, with its headquarters in California. (Doc. No. 84, PageID 1447). Defendants "admit that PJ Ohio is a limited liability company incorporated in Delaware …." (Doc. No. 114, PageID 1673).

15

the "work or labor" requirement in § 2715.01(A)(11). *Supra*, § IV(A).

And, by listing all of the alternative statutory grounds for prejudgment attachment, § 2715.01(A) is properly viewed as a statute of inclusion not one of exemption. Yet, if it is inclusive, why does § 2715.01(A)(1) mention exemption? It does so to avoid a conflict with § 1703.20, which specifically establishes foreign entities' "Freedom from attachment":

> A foreign corporation holding an unexpired and uncanceled license…, shall not be subject to process of attachment under any law of this state on the ground that it is a foreign corporation nonresident of this state.[5]

*See, e.g., Celerity Q, Ltd. v. CSDC Systems, Inc.,* No. 2:09cv377, 2009 WL 4111052, at *2 (S.D. Ohio 2009) (Marbley, DJ) (applying §1703.20: "At the time CelerityQ filed its motion, CSDC was not licensed to do business in Ohio. Subsequent to CelerityQ's filing of its motion, CSDC became licensed. As a result, CSDC is no longer subject to attachment.").

Plaintiffs argue that § 1703.20 is irrelevant and does not exempt Defendant PJ Ohio, LLC from attachment. They reason that they are not seeking attachment "'*on the ground that* [Defendant PJ Ohio, LLC] it is a foreign corporation nonresident of this state.'" (Doc. No. 169, PageID 3360) (quoting §1703.20 (Plaintiffs' italics)). They contend that they seek attachment because they were engaged in "work or labor." Plaintiffs further argue, "A foreign corporation's up-to-date status within the state is only a defense against attachment when the request for attachment is based on the foreign corporation's foreign

---

[5] "[T]his Court is impressed by the logic of the argument that the statute [§ 1703.20] refers to all business entities, and not strictly corporations." *Data Processing Sciences*, 2016 WL 3144117, at *2 (Black, DJ).

16

status. Plaintiffs are not claiming prejudgment attachment *because* PJ Ohio, LLC is a foreign corporation. Therefore, the statutes cited by Defendant are immaterial under a plain reading of O.R.C. § 2715.01(A) and O.R.C. § 1703.20." *Id.* at 3361.

Plaintiffs' contentions first appear in their Reply in response to Defendants' contention that Defendant PJ Ohio, LLC is exempt from prejudgment attachment because it is a foreign business entity registered with the Ohio Secretary of State. Consequently, Defendants have not had an opportunity to address it. Case law addressing § 1703.20 is scant. Defendants should therefore be afforded an opportunity to address this argument, in the event Plaintiffs establish the requirement elements to obtain prejudgment attachment in the future.

## IT IS THEREFORE RECOMMENDED THAT:

Plaintiffs' Motion for Prejudgment Attachment of Defendants' Real Property and Assets (Doc. No. 167) be denied, and Defendants' Request for a Hearing Pursuant to Ohio Rev. Code § 2715.04 (Doc. No. 168) be denied as moot.


January 12, 2021                                       *s/Sharon L. Ovington*
                                                                                      Sharon L. Ovington
                                                                                      United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).