UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

Tammy Hatmaker, *et al.*,

        Plaintiffs,

v.

Papa John's Ohio, LLC, *et al.*,

        Defendants.

Case No. 3:17-cv-146

Judge Thomas M. Rose

**ENTRY AND ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY SETTLEMENT APPROVAL, ECF 185, GRANTING PRELIMINARY APPROVAL OF THE SETTLEMENT; PROVISIONALLY APPROVING REQUEST FOR ATTORNEYS' FEES AND COSTS; APPROVING SERVICE AWARD; DIRECTING DISTRIBUTION OF THE CLASS NOTICE TO CLASS MEMBERS; AND SETTING A FINAL FAIRNESS HEARING FOR NOVEMBER 16, 2021 1:30 P.M.**

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Settlement Approval, ECF 185, which seeks the Court's approval of a settlement agreement resolving Plaintiffs' claims. The Motion requests that the Court, pursuant to the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) and Rule 23(e) of the Federal Rules of Civil Procedure, enter an order: (1) Preliminarily approve the proposed settlement. (2) Approve the content, form, and distribution of the class notice. (3) Preliminarily approve the service award for the Plaintiffs. (4) Provisionally approve Class Counsel's request for attorneys' fees and costs. (5) Schedule a fairness hearing approximately 150 days after preliminary approval. Because Plaintiffs' complaint includes claims filed under the Fair Labor Standard Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, Court approval is

required. For the reasons that follow, the settlement will be approved and the parties' joint motion granted.

I. **APPLICABLE LAW**

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington–Fayette Urban Cnty. Gov.*, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id.* (quoting 29 U.S.C. § 202). The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc.*, 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id.* *2.

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Group LLC*, 2010 WL 2490989 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000). The existence of a *bona fide* dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under the FLSA. *Id.* (citing

*Crawford*, 2008 WL 4724499, at *3).  The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, and Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)).  In addition, where the settlement agreement proposes an award of attorney's fees, such fees must be reasonable. See generally *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893 (1984)). In class actions, the court should also consider the opinion of class counsel and class representatives and the reaction of absent class members. *Id.*

## II.    ANALYSIS

Having reviewed Plaintiffs' Unopposed Motion for Preliminary Settlement Approval, ECF 185, and the pleadings and papers on file in this Action, and for good cause established therein, the Court enters this **ORDER** 1) granting preliminary approval of the settlement; (2) provisionally approving Class Counsels' request for attorneys' fees and costs; (3) approving named Plaintiffs' service award; (4) directing distribution of the Class Notice to class members; and (5) setting a final fairness hearing on **Tuesday, November 16, 2021 at 1:30 p.m.**

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, June 4, 2021.

s/Thomas M. Rose
_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE